McBRIDE, Judge.
The plaintiff, as named beneficiary in a; policy of insurance issued by the defendant on the life of her husband, Roddie P. Bard-well, who died December 25, 1954, brings this suit against the insurer for a judgment “against the defendant, American National-Insurance Company, declaring petitioner’s right to receive the sum of $2,000.00 in cash or in four weekly payments of $500.00 each, plus 218 consecutive monthly payments of $30.00 each and a final payment of $2,000.-00 cash due at the end of said period on, February 1, 1973, together with six per cent (6%) penalties and legal interest from date of judicial demand.” However, during the course of the trial it was stipulated1 by counsel for the parties “that while this, suit originally started as a suit for a declaratory judgment, the prayer is amended so as to ask for a money judgment in the alternative.” The policy was produced by plaintiff on defendant’s prayer for oyer, whereupon defendant filed an exception of no cause of action. The exception was. overruled. The insurer’s contention is that plaintiff has misconstrued the meaning of the policy provision, and it maintains that its only liability thereunder is to pay the beneficiary the monthly payments of $30 each for a period of 218 months, with the first due as of December 25, 1954 (the date of the insured’s death) and a final payment of $2,000 due on February 1, 1973.
*315 After a hearing on the merits of the case, at which considerable testimonial evidence was adduced, there was judgment in plaintiff’s favor and against the insurer:
<¡ * * * jn amount of Two Thousand ($2,000.00) Dollars, payable at once, with legal interest thereon from March 4, 1955, until paid, without prejudice to any rights the plaintiff may have to installments of Thirty ($30.00) Dollars per month as provided for in the policy under consideration herein;
“It is further ordered, adjudged and decreed that this Court retain jurisdiction of this matter in the event the installments payable under the said policy are not paid.”
Defendant appeals. Plaintiff has answered the appeal praying that the judgment:
“ * * * be amended by increasing the amount thereof from $2,000.00 to $4,000.00, of which $2,000.00 is to be payable at once with legal interest from date of judicial demand (March 4, 1955) with declaration of right to receive 218 consecutive monthly payments of $30.00 each, first payment commencing as of December 25, 1954 plus $2,000.00 lump sum final payment immediately at the termination of the installment period, or, alternatively a money judgment for same, * *
This is not a suit for reformation of contract. Plaintiff has pitched her suit on the policy as it is written and the sole and only issue before the court is this: Does the policy provide for payment of $2,000 in one lump sum at insured’s death?
The late Roddie P. Bardwell when 40 years of age applied in writing for a policy of life insurance in January 1953. The policy was issued February 1, 1953, and delivered to the insured who died on December 25, 1954, almost two years after receipt of the policy. The defendant has paid the widow, the primary beneficiary, $30 each month commencing as of the date of the insured’s death and has placed a written endorsement on the policy reciting the insurer’s obligation to continue such monthly payments to February 1, 1973, on which date there is due a final payment of $2,000.
Plaintiff’s petition contains no allegations of fraud, concealment, or deception having been practiced by the insurer, nor that there was any misunderstanding of the policy provisions. The petition simply alleges the plaintiff’s conception of what the language means.
Notwithstanding this, certain evidence was heard and plaintiff’s position is that the testimony of defendant’s former agent, Famiglio, who “sold” the policy to the insured, was received without objection and that this had the effect of enlarging the pleadings, thus injecting the issue of fraud, deception, misunderstanding and concealment into the case. Counsel is in error in stating that no objection was made to the admissibility of Famiglio’s evidence. When plaintiff’s counsel first sought to elicit from the witness testimony to the effect that the insured’s application was for a different type of policy than that issued, defendant’s attorney stated:
“If Your Honor please, I want to interpose an objection, which I assume the Court will make general. There is no charge of misrepresentation, no charge of fraud or deception here. This is merely a case of interpreting the policy that has been issued.”
The court thereupon stated:
“I understand. I will reserve your rights and refer your objection to the effect, without the necessity of repetition.”
The objection should have been sustained. In the absence of any such allegations in the petition the evidence should not have been received and we shall disregard it.
*316 The case should and must be adjudicated on the exception of no cause of action which the defendant reurges before us.
The contract is an ordinary whole life insurance policy modified by certain typewritten language and by the attachment thereto of a printed and typewritten “Family Income Rider” in the following words and figures:

The face of the policy provides:
“In consideration of the application for this policy and of the payment of the premiums herein specified, immediately upon receipt of due proof of the death of the insured will pay Double The Sum Insured if the Insured’s death occurs prior to the policy anniversary nearest his sixty-fifth birthday, or the Sum Insured if the Insured’s death occurs on or after such anniversary, subject to the provisions contained on this and the following pages. See Form FI herein.
“This policy together with the application, a copy of which is attached hereto and made a part hereof, constitute the entire Contract. All statements made in the application, in the absence of fraud, shall be deemed representations and not warranties, and no such statement shall void the policy unless it is contained in the written application and a copy of such application is attached to the policy when issued.
“Schedule
“Policy Number M17426S5; Sum Insured One Thousand Dollars $1000.-00; Insured Roddie P. Bardwell; Date of Issue February 1, 1953; Age at Issue 40 years; Monthly Premium $7.28.
“Beneficiary the wife of the insured, Gladys Kathleen Bardwell, if she survives the insured, otherwise to Phyllis Bardwell, Daughter of the insured.”
The insured died before attaining the age of 65 years. Therefore, the sum insured was $2,000. Were the policy not modified by the attachment thereto of the Family Income Rider, the insurer would have been bound to pay that sum to the beneficiary under the provisions contained on the face of the policy.
But the insuring provisions appearing on the face of the contract are modified by the rider, for there is to be found at the end of the first paragraph quoted above the typewritten words “See Form FI here *317 in.” Also at the foot of the first page appears this typewritten stipulation: “Additional term insurance for twenty years (see Form FI herein).”
Turning then to Form FI, already quoted in full, we find the second paragraph thereto reads as follows:
“In event this Family Income provision becomes operative, the Sum Insured shall not be paid at the time stated on the face of the policy but shall be paid at the end of the Family Income Period. This payment shall be equal to the Sum Insured and shall be known as the Final Payment.* ”
The asterisk after the words “Final Payment” refers to a footnote appearing reading: “* Final payment due at end of Family Income Period shall be $2000.00.”
The pertinent provisions of the policy, including those found within the Family Income Rider, are perfectly clear and unambiguous and convey the import that the sum insured, i. e., $2,000, shall not be paid at the time stated on the face of the policy (on decedent’s death) but shall be paid at the end of the family income period (February 1, 1973) and this final payment shall be $2,000. In the interim between the time of death and the end of the family income period the insurance company agreed to pay the monthly income in payments of $30.
There are no provisions which could possibly be given a construction that the sum insured, $2,000, would be paid twice, firstly, upon death, and then again at the end of the family income period.
The courts are bound to give legal effect to all contracts, including insurance policies, according to the true intent of the parties and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. Hardin v. Mutual Life Ins. Co. of New York, La.App., 12 So.2d 488; Monroe Air Park No. 1, Inc., v. American Aviation & General Ins. Co., La.App., 41 So.2d 795; Taormina v. National Hospital Service Ass’n, La.App., 43 So.2d 31.
Plaintiff makes some contention that the insured was charged two monthly premiums for the policy, one being the $7.28 stated on the face of the policy, and also one for $3.50, as stipulated in the Family Income Rider. This is not so. The insured only paid one monthly premium of $7.28, that first above-mentioned; regarding the premium for the family income benefits the rider provides:
“These benefits are granted in consideration of the payment of the premiums shown in the Table below which are included in the premiums set out on the face of the policy.”
There is no substance to the construction plaintiff seeks to have given to the policy provisions. Nor is there any basis upon which the judgment can find support. Our brother below was dearly in error in his appreciation of defendant’s liability.
The exception of no cause of action is sustained.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff’s suit be dismissed at her cpst in both courts.
Reversed.