OWEN, Judge.
Appellant, Authylanne Hehemann, owned a dwelling upon which the appellee insurer had issued a standard homeowners policy.[1] During the policy period, the dwelling sustained extensive fire damage. This suit resulted when the insurer denied coverage under the policy. Upon jury trial, at the conclusion of all of the evidence, the court directed a verdict for the appellee insurer relying upon a provision in the policy which ostensibly suspended coverage when the premises were vacant or unoccupied beyond a period of sixty consecutive days prior to the loss. This appeal is from the judgment entered for the insurer pursuant to the directed verdict. For reasons set forth below the judgment is reversed and the cause remanded for a new trial.
At the time the policy was issued, Au-thylanne Hehemann occupied the dwelling as her home. Thereafter she moved to another community where she established her residence. At the time of moving she removed from the dwelling all of the furniture and furnishings, leaving the premises completely vacant except for drapes and built-in kitchen appliances. For a while the premises were leased unfurnished, but the tenants vacated on February 1, 1967 removing all of their possessions. On April 21, 1967, the house was extensively damaged by fire.[2] From the time the tenants vacated up to the date of the fire (a period of more than sixty consecutive days) the premises were completely vacant except as above noted. During that same period of time the house was also completely unoccupied by any person, with the exception that on the night of March 31 and April 1 (being less than thirty days prior to the fire) Authylanne Hehemann slept in the house on a cot which she had brought there for that purpose.
The homeowners insurance policy had been put into evidence by the appellant as part of her case. At the conclusion of all of the evidence counsel for appellee insurer moved for a directed verdict on the grounds that the insurance policy expressly excluded coverage for any loss occurring while the described building was vacant or unoccupied beyond a period of sixty consecutive days. Such a provision did, in fact, appear in the policy at page 2, the language of which we quote in the footnote.[3] The trial court de *853 termined as a matter of law (a) that the act of Mrs. Hehemann sleeping on a cot in the dwelling on two nights was not an “occupancy” within the meaning of the policy condition, and (b) that since there was no other evidence from which the jury could reasonably infer that the property was other than vacant or unoccupied beyond a period of sixty consecutive days prior to the loss occurring, the insurer’s motion for a directed verdict in its favor should be granted.
It is our view that the trial court, in directing a verdict for the insurer, relied upon a policy provision (suspending the coverage when the premises were vacant or unoccupied for a period of more than sixty consecutive days) which was rendered inapplicable by the expressed language of certain other provisions of the same policy, the language of which we set forth in the margin.[4] In fairness to the trial court it should be noted that neither the provision entitled “MODIFICATION OF TERMS” (which expressly waived the suspension of coverage) nor the provision entitled “PERMISSION GRANTED” (which expressly consented to vacancy or unoccupancy except for certain specified perils) was brought to the trial court’s attention during argument on the motion for directed verdict.
Appellee contends that even though the court may have erroneously relied upon the sixty-day clause, the court’s action in directing a verdict was correct on other grounds, and consequently under established principles of appellate review, if the court’s action in directing a verdict is correct on grounds other than those assigned by the trial judge it should be sustained.[5] On this thesis, appellee submits that (1) the evidence established without contradiction that the fire loss occurred as a result of vandalism or malicious mischief, and (2) under a special exclusion in the policy, coverage for vandalism and malicious mischief is excluded if the described property has been vacant beyond a period of thirty consecutive days preceding the loss.[6]
In order to accept appellee’s position we would have to consider matters which we feel are not properly before us. From the portion of the trial proceedings included in the record (which may or may not be a complete transcript) it appears that there is a factual issue for the jury as to whether the fire occurred as a result of vandalism or malicious mischief. Furthermore, if factually it were to be determined that the fire did occur as a result of vandalism or malicious mischief, there would then be presented a question of law which was neither considered by the trial court nor briefed and argued in this court, to-wit: whether under a homeowners policy of this type the insurer would be responsible for a loss due to fire (a covered peril) when the fire occurred as a result of vandalism and malicious mischief (a covered peril which was specially excluded by the premises being *854 vacant more than 30 days). We expressly do not decide that question in this case.
Since this case will be remanded for further proceedings which will in all probability bring into issue the question of whether the premises were vacant for a period of more than thirty days immediately preceding the loss, we deem it proper to express an opinion on that aspect of the case.
The term “vacancy” as used in the policy applies to inanimate objects, whereas “Occupancy” refers to animate objects. 33 Am.Jur.2d Insurance § 947. With the exception of the drapes, the dwelling was devoid of every item of furniture and furnishings for a period of more than thirty days prior to the fire. We have no difficulty in determining that as a matter of law, the drapes notwithstanding, the house was vacant within the definition of that term as used in the policy. We think the trial court cogently stated the status of the property in this respect when he posed the rhetorical question, “How vacant can you get?”
The judgment for appellee is reversed and this cause remanded for a new trial.
WALDEN and REED, JJ., concur.

. The policy consisted of the printed four-page jacket (the first page of which contained the declarations), together with various printed endorsements, the principal ones of which relevant to this appeal were entitled “Dwelling Special Form” (MIC-3) and “Residence Contents —Broad Form” (MIC-4). The testimony established that this homeowners policy was a standard policy within the industry.

. Both the cause of the fire as well as the extent of the damage to the dwelling were (and continue to be) issues in the case, but are not relevant to this appeal.

. “Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring
* * * * *
*853 (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; * *

. On page 3 under the heading GENERAL CONDITIONS appeared the following:
“1. MODIFICATION OF TERMS: The provisions on page 2 of this policy as respects uninsurable and excepted property, the exclusion of loss by theft and suspension of insurance are hereby waived * * (Emphasis supplied.)
On page 4 under the heading CONDITIONS APPLICABLE ONLY TO SECTION I appeared the following:
“I. PERMISSION GRANTED:
* * * * *
(b) for the premises to be vacant or unoccupied without limit of time except as otherwise provided in this policy for certain specified perils; * *

. Chase v. Cowart, Fla.1958, 102 So.2d 147; City of Miami Beach v. 8701 Collins Ave., Fla.1954, 77 So.2d 428.

. On the endorsement entitled “DWELLING SPECIAL FORM” (MIC-3) under the heading SPECIAL EXCLUSIONS appeared the following:
“This policy does not insure against loss:
* * * * *
(f) by vandalism and malicious mischief or glass breakage, if the described property had been vacant beyond a period of 30 consecutive days immediately preceding the loss; * *