517 P.2d 1014

**Buelah DAVIS, Plaintiff,**

**v.**

**FREDERICK'S, INC., dba Fred's Burger Chalet, a corporation, Defendant and Appellant,**

**v.**

**Dan BALDERAS and Security Insurance Company of Hartford, Cross-Defendants and Respondents.**

**No. 13354.**

Supreme Court of Utah.

Dec. 24, 1973.

David ·E. West of Armstrong, Rawlins, West & Schaerrer, Salt Lake City, for appellant.

H. James Clegg of Worsley, Snow & Christensen, Salt Lake City, for respondent.

CROCKETT, Justice:

The controversy now remaining in this case is whether the action of an employee, defendant Dan Balderas, opening a door into an alley which struck and injured the plaintiff, was part of the operation of the business of his employer, defendant Frederick's, Inc. (Fred's Burger Chalet). As will appear below, the interests of the plaintiff Buelah Davis are not here involved. Her claim against defendants has been compromised and settled. Solution to the problem stated above is essential because the employer, defendant Frederick's (and/or its insurer) contends that Security Insurance Company of Hartford, under a home owner's policy which covers non-business activities of Dan Balderas, should also be held responsible. Upon the basis of stipulated facts the trial court rejected that contention and determined that the Balderas policy does not cover the above described incident. That ruling is attacked on this appeal.

Dan Balderas, age 26, worked as assistant cook and performed general duties at Fred's Burger Chalet at 41 East First South in Salt Lake City. His shifts varied to accommodate his class schedule at the University of Utah and the needs of the business. He would generally go to work just before noon and remain until around 9:00 p. m. His immediate superior, Mr. Roger Robinson, would tell him when he was to come to work.

On the day of the incident of concern here, June 3, 1970, he left work earlier, about 3:00 p. m. Immediately after leaving, he returned to ask Mr. Robinson when he should report back for his next shift. He then left through the rear door, which opened onto an alley leading to a parking lot. As he did so, he swung open the screen door just as the plaintiff, a woman 58 years old, was walking by. The door knocked her to the ground causing her substantial bruises and injuries, including a broken wrist. For all of the resulting damages, including medical, loss of wages, pain and suffering, her claim was compromised and settled for the sum of $5,000.

Frederick's argument that Security of Hartford should also be held responsible and/or participate in the settlement involves consideration of this provision of the Balderas policy:

This policy *does not apply to* bodily injury or property damage arising out of *business pursuits* of any insured, except activities therein which are ordinarily incident to non-business pursuits. [Emphasis added.]

Frederick's argues that when Balderas had finished his shift and left the premises he was no longer in a "business pursuit"; and also that his walking out of the door

was an activity "ordinarily incident to non-business pursuits."

It is to be recognized, of course, that the acts of walking, or walking out of a door, considered in isolation, are things which are done in "non-business pursuits." But they are also commonly and necessarily done in "business pursuits." In fact, such walking is one of the commonest of mans activities, and such an integral part of his actions in all private and business conduct that it cannot fairly and properly be characterized as peculiar to either one or the other. Many of the actions of the human body, such as for example the raising and lowering of the hand or foot, if viewed in isolation, could be regarded as actions "ordinarily incident to non-business pursuits." But neither the activity, nor the language of the policy, should be viewed in isolation. They should be looked at in the light of practical common sense in relation to the pertinent circumstances. If when so viewed, the activity is something which is reasonably necessary in the carrying on of the business, then it should be regarded as a part of the "business pursuit" within the meaning of the language of the policy.[1]

In applying that principle here it is our opinion that the trial court was justified in his conclusion that Mr. Balderas's going back into the cafe to find out the time of his next shift, and leaving the place through the rear door (or any door), was an activity incident to and essential to the business; and consequently was not covered by the Balderas home owner's policy.

Affirmed. Cost to respondents.

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

HENRIOD, J., dissents.

1. See Martinelli v. Security Insurance of New Haven, Mo.App., 490 S.W.2d 427. Under a similar exclusionary clause, where one employee walked into and bumped another, it was held that the act of walking should not be taken out of context of the occurrence to be regarded as a non-business activity, and that the incident was done in the "business pursuit" of the employer.