REDMANN, Judge
(dissenting).
There are three questions.
First. Is every employee’s employment “business pursuits” within the meaning of this “Comprehensive [sic] Personal Insurance” policy ? Within four lines (including three for the exclusion half-quoted by the majority), it refers to “employment”, then “business pursuits”, then “professional services”, just as did the policy in Firestine v. Poverman, 388 F.Supp. 948 (D. Conn.1975), which discussed the issue and decided that a maintenance man’s employment was not “business pursuits”. Pitre v. Pennsylvania Millers Mut. Ins. Co., La. App. 3 Cir. 1970, 236 So.2d 920, which may have involved a similar policy, gives no explanation for following Berry v. Aetna Cas. & S. Co., La.App. 2 Cir. 1969, 221 So. 2d 272, which construed a plainly dissimilar policy on the basis of a definition of “business” not present here. (Our policy defines “business property” by again distinguishing between “business pursuits” and “professional services”, further suggesting that “business pursuits” is understood not to be a catch-all.)
Second. Is every act one does at work a business pursuit? (Jackson v. Lajaunie, La.App. 1 Cir. 1971, 253 So.2d 540 [reversed in part, La., 270 So.2d 859], had reasoned that practical joking at work was not.)
Third. Might there be applicability of the exclusion’s exception from business pursuits of “activities therein which are ordinarily incident to non-business pur *899 suits” ? Jackson v. Lajaunie, La., 1972, 270 So.2d 859, 863, reasoned (in obiter dicta) that an owner’s injury of a customer by practical joke while receiving the customer’s payment on the business premises was within the exception: “Practical jokes are ‘ordinarily incident to non-business pursuits’ and are excepted from the exclusion.”
We know enough to answer the first question, and I dissent from the answer given. We should be agreeing with Fire-stine, rather than uncritically following Pitre, which uncritically followed Berry.
We do not know enough to answer the second and third questions, because there is no hint — nowhere in the entire record— of what the insured was doing that caused the bucket to fall. On these second and third points, the majority position is, apparently, that the allegation the insured was operating the dragline shows both that he was engaged in business pursuits, and that “therein” he was not involved in any activity ordinarily incident to non-business pursuits. For the majority, if he was playing some practical joke while he was (supposed to be?) operating the dragline and the practical joke caused the bucket to fall, it matters not a whit; the practical joke cannot have been an “activity” because operating the dragline was his activity.
The majority view comes perilously close to Davis v. Frederick’s Inc., 1973, 30 Utah 2d 321, 517 P.2d 1014, which refused to apply the exception to the exclusion to a cafe employee’s injury of a passerby by opening a back door to go home from the cafe. Davis effectively erased from the policy the exception to the exclusion.
The Louisiana supreme court’s dicta in Jackson assert that the exception has meaning. We should apply the exception and set aside the summary judgment because granted without showing, as required by C.C.P. 966, that mover is entitled to judgment as a matter of law.