352 So.2d 1244 (1977)
Debra O'CONNER and Eula Hammond, Appellants,
v.
SAFECO INS. CO. OF NORTH AMERICA, and Gulf American Fire and Cas. Co., et al., Appellees.
No. FF-230.
District Court of Appeal of Florida, First District.
December 8, 1977.
*1245 William S. Frates, II, West Palm Beach, for appellants.
Robert O. Wilhelm of Howell, Howell, Liles & Braddock, and Charles T. Boyd, Jr. of Boyd, Jenerette, Leemis & Staas, P.A., Jacksonville, for appellees.
SMITH, Judge.
Appellant O'Conner, a minor, was injured December 22, 1971, when the automobile she operated on a paved county road in Palatka skidded out of control on wet clay which had washed from an intersecting clay surface road allegedly owned by James and Harlow Middleton. Appellant O'Conner and her mother sued the Middletons and appellees Safeco and Gulf American, whose homeowners policies insured James and Harlow Middleton, respectively, against personal liability as well as against fire and other losses associated with the insureds' dwellings at Jacksonville and Mt. Dora. The trial court granted the insurers' motion for summary judgment, holding as a matter of law that insurance was not provided for personal liability on account of bodily injury arising out of the Middletons' activity in maintaining the clay road at the accident site. The issues before us are whether the clay road was "vacant land" and therefore an insured premise and, if so, whether coverage was nevertheless excluded because the injury arose "out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits." The trial court held insurance was excluded on both counts, and we agree.
The policies are for present purposes the same. In addition to section 1 coverage of the described dwelling, appurtenant structures, unscheduled personal property and additional living expense, the policies by section 2 afforded defense and damage protection against liability for bodily injury. An exclusion provided that the policy does not apply, under personal liability coverage,
d. to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits;
e. to bodily injury or property damage arising out of any premises, other than an insured premises, owned .. . by an insured... .
Each policy defines "insured premises" to mean any residence premises named in the policy or acquired during the term, places of temporary residence, family cemetery plots and "vacant land, other than farm land, owned by or rented to any insured; ..."
The clay surface road served a number of platted and improved lots lying between Cisco Road and Lake Broward. The Middleton brothers acquired the vacant tract of some 15 acres by gift from their father in 1960. They bulldozed some access roads, placed clay repeatedly on the roads, divided the property into 100 lots and sold them in twos and threes to buyers who built small cabins or installed trailer retreats. The Middletons called their project Broward Hills Estates, complied with fictitious name statutory requirements, filed partnership tax returns, maintained a bank account as Broward Hills Investments, and sold out all the lots by 1973, more than a year after appellant O'Conner was injured. The clay surface road was never dedicated to the public. For present purposes we may assume it was owned by the Middletons. They maintained the road and paid for its maintenance, including periodic restorations of the clay surface.
*1246 The clay road was not "vacant land" within the meaning of the policies' coverage for liability arising out of insured premises in addition to specified dwellings. In insurance parlance, notably in construction of fire risk policies, "vacant" is considered the absence of inanimate objects, whereas "unoccupied" refers to the absence of animate objects. Hehemann v. Michigan Millers Mut. Ins. Co., 240 So.2d 851, 854 (Fla. 4th DCA 1970). Those definitions need not necessarily govern this case, but they point to the need to interpret the term "vacant land," as used in the Safeco and Gulf American policies, with a view to the character of the risks assumed by the insurers. A clay road may be thought of as vacant when no automobile or pedestrian is using it, but that would hardly be a fair characterization of a strip of land created for no purpose other than use by automobiles and pedestrians. The road here in question was not "vacant" in the sense of virginal because it had been improved and maintained, even augmented, to the extent acceptable to the Middletons and their prospects and purchasers. The road was not an independent piece of this earth but was referable to many substantially improved lots whose access depended on it. Without attempting to decide whether the absence of any of these factors would render the road "vacant land," we sustain the trial court's view that the road was not "vacant" for purposes of extending Safeco's and Gulf American's liability to the consequences of imported clay which washed onto Cisco Road and caused injury to appellant O'Conner.
The trial court was also correct in holding as a matter of law that insurance was excluded as "arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits." The Middletons' clearing, grading, filling and maintenance of the road was a business pursuit. Not every activity undertaken for profit is necessarily a business pursuit, but the Middletons' subdivision and sale of 100 lots, their provision for separate banking and accounting of receipts and disbursements, their characterization of the subdivision as Broward Hills Estates, and their creation and maintenance of the clay road for the satisfaction of their prospects and purchasers indicated a continuous and comprehensive, if somewhat casual, activity for financial gain. See Annot. 48 A.L.R.3d 1096, 1101 (1973). Maintenance of the road was too closely related to the business pursuit to be characterized as equivalent to one "ordinarily incident to non-business pursuits." See Peterson v. Highlands Ins. Co., 328 So.2d 49 (Fla. 3d DCA 1976); Davis v. Frederick's, Inc., 30 Utah 2d 321, 517 P.2d 1014 (1973); Martinelli v. Security Ins. Co. of New Haven, 490 S.W.2d 427 (Mo. App. 1972); Burroughs v. Employers Liab. Assur. Corp., 198 So.2d 202 (La. App. 1967).
We have considered Travelers Indem. Co. v. Holman, 330 F.2d 142 (5th Cir.1964), which applied Texas law favorably to the insured in dealing with policy provisions like those in this case. On a closer set of facts, the court of appeals acknowledged "real and pressing questions as to which the answer was not necessarily clear," and resolved the issues favorably to the insured because of compelling elements of promissory estoppel. 330 F.2d at 150. On the record before us, though the questions were real and pressing, the answer was clear. The trial court did not err in granting summary judgment.
AFFIRMED.
RAWLS, Acting C.J., and ERVIN, J., concur.