427 So.2d 316 (1983)
Asis SAHA and Barbara A. Saha, Appellants,
v.
The AETNA CASUALTY & SURETY COMPANY, Appellee.
No. 81-1612.
District Court of Appeal of Florida, Fifth District.
February 23, 1983.
R. Lee Bennett, of Peirsol, Boroughs, Grimm & Bennett, Orlando, for appellants.
Carl D. Motes and Kimberly A. Ashby, of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
ORFINGER, Chief Judge.
Following a non-jury trial in a declaratory judgment proceeding, the trial court determined that appellant, plaintiff below, did not have coverage for a specified loss under his homeowners insurance policy and the insurance company had no duty to defend the claim, and entered judgment for the appellee insurer accordingly. Plaintiff appeals. We affirm.
In 1974, plaintiff, a practicing physician invested in a small herd of cattle, admittedly as a tax shelter. The cattle were left with the seller who cared for them on plaintiff's behalf. In 1974, plaintiff purchased a *317 22 acre tract of land in Osceola County for investment purposes. Although the land was partially fenced, there were no structures or improvements on it.
In 1979, having become unhappy with the care given his cattle, plaintiff moved them to the 22 acre tract, first completely fencing the property, excavating a 1 1/2 acre deep pond,[1] installing an irrigation pump in the lake and constructing a cattle chute. He also put some horses and sheep on the property.
In July, 1981, a young child drowned in the pond and when plaintiff was notified that suit would be filed against him, he notified appellee Aetna Casualty and Insurance Company (Aetna), his insurer, and demanded a defense. When Aetna denied that plaintiff's homeowner's policy covered this incident, plaintiff filed the action here for declaratory relief, requesting a determination that he was covered by that insurance policy. The trial court entered final judgment against him, after concluding that the coverage afforded by the homeowner's policy did not extend to this land.
The insurance policy in question is known as a homeowner's policy, and it provides coverage for bodily injury as provided in the policy. Excluded from this coverage is bodily injury:
b. Arising out of business pursuits of any insured .. .;
* * * * * *
d. Arising out of any premises owned ... [by] any insured which is not an insured location.
"Insured location" is defined as:
a. The residence premises.
* * * * * *
e. Vacant land owned by or rented to any insured other than farm land.
The trial court found the 22 acre tract to be farm land at the time of the accident and also found that the land was being used in furtherance of a business pursuit by plaintiff, thus excluding coverage.
Appellant contends that because the policy does not define "farm land" an ambiguity exists which should be resolved in his favor, because the property in question is not a farm. We find nothing ambiguous about the terminology used here. The ordinary dictionary definition of a farm includes "Any land or water area devoted to the raising, breeding or production of a specified type of animal or vegetable life." The American Heritage Dictionary of the English Language (1979). The term has also been defined as: "A tract of land devoted to agriculture, pasturage, stock raising or some allied industry. Includes dairy, stock and poultry farms." Black's Law Dictionary 545 (Rev. 5th Ed. 1974).
When the language of an insurance policy is clear and unambiguous it must be accorded its natural meaning. Ranger Insurance Company v. Harrell, 286 So.2d 261 (Fla. 2d DCA 1973). An insurance policy should receive a reasonable, practical and sensible interpretation. Although ambiguities should be resolved against the insurer, this principle applies only when there exists a genuine inconsistency, uncertainty or ambiguity in meaning after resort to the ordinary rules of construction. Denman Rubber Manufacturing Company v. World Tire Corporation, 396 So.2d 728 (Fla. 5th DCA 1981). The courts cannot rewrite contracts, add meaning that is not present or otherwise reach results contrary to the intentions of the parties. Excelsior Insurance Company v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979).
Applying these principles, the trial court was entirely correct in determining that the land, as it was being used at the time of the unfortunate accident was a "farm," thus excluded from coverage. Additionally, the trial court was correct in determining that plaintiff was engaged in a business pursuit. Appellant argues that because no profit was produced, and because *318 he made his livelihood as a physician, not in raising cattle, he could not be said to be engaged in a business pursuit. Under "definitions" in the policy we find:

2. business includes trade, profession or occupation.
Appellant wants us to limit the definition to those terms, but we agree with our sister court in Gaynor v. Williams, 366 So.2d 1243 (Fla. 3d DCA 1979) which construed an identical policy definition thusly:
Since the word "includes" is a term of expansion . .. the definition here must be read to mean that business includes, but is not limited to the "trade profession or occupation" of the insured.
[citations and footnote omitted. Emphasis in original].
Id. at 1244.
The absence of a profit does not negate the existence of a "business pursuit." In 1979 and 1980, plaintiff filed with his federal income tax return a Schedule F entitled "Farm Income and Expenses" reflecting virtually no income from the cattle but substantial expenses and depreciation, the difference serving as deductions on plaintiff's income tax return. Thus the cattle operation was a continuous and comprehensive activity for financial gain, and falls within the accepted definition of a business pursuit. Gaynor, supra; O'Conner v. Safeco Insurance Company of North America, 352 So.2d 1244, 1246 (Fla. 1st DCA 1977).
The Final Judgment is
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Although admitting that one purpose of the lake was to provide water to the animals, plaintiff contended that the deep pond was also intended to stock fish, thus used for family recreational purposes.