429 So.2d 335 (1983)
AMERICAN MOTORIST INSURANCE COMPANY, Appellant,
v.
Virgil R. STEFFENS and Robert Lutostanski, Appellees.
No. 81-728.
District Court of Appeal of Florida, Fourth District.
March 2, 1983.
Rehearing Denied April 25, 1983.
*336 Stephen C. McAliley of Brennan, McAliley, Hayskar & McAliley, P.A., West Palm Beach, for appellant.
James A. Reynolds, Jr., of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellee  Virgil R. Steffens.
Marc Cooper and Sharon L. Wolfe of Greene & Cooper, P.A., and Albert A. Gordon, Miami, for appellee  Robert Lutostanski.
OWEN, WILLIAM C., Jr., Associate Judge.
By declaratory judgment the trial court determined that a homeowner's policy issued by Appellant provided personal liability coverage to the insured on a claim against him by one who sustained personal injuries on the insured's property. Appellant contends here that the trial court erred because (1) the property where the injury occurred was not an insured premise, and (2) the injury was specifically excluded from coverage because it arose out of "business pursuits" of the insured. We find that the court properly resolved these matters and affirm the judgment.
Steffens, the insured, purchased a parcel of land for development as a residential area to be known as Rustic Acres. He excavated a portion of the property to create an interior lake, and then had a canal dug to connect the lake to the Intracoastal Waterway. The remainder of the property was subdivided into residential lots. The last of the lots was sold by Steffens in 1971, but he failed to realize that he had not conveyed the land underlying the canal.
In 1978, Robert Lutostanski was injured while diving into the canal. He sued Steffens for damages. Although Steffens did not live in Rustic Acres, the homeowner's policy issued to him by Appellant included within its definition of insured premises "vacant land, other than farm land, owned by or rented to any insured." Steffens made demand upon Appellant to provide coverage for the claim against him by Lutostanski. Appellant then brought this action for declaratory judgment, asserting that the claim was within the policy exclusion which excluded a claim for bodily injury "arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits."
Appellant did not raise in its pleadings the issue that the canal bottom where the injury occurred was not vacant land (and thus not within the policy definition of insured premises). That issue was raised for the first time at trial in an argument made in response to the insured's motion for an involuntary dismissal of the declaratory judgment suit. In entering final judgment adverse to Appellant, the court found that while at one time the canal had been a part of a business pursuit of Steffens, at the time of Lutostanski's injury that business pursuit had long since been abandoned, and in fact Steffens was not even aware that he still owned the property. The court held (1) the business pursuit exclusion was not applicable, and (2) the issue as to whether the canal bottom was vacant land was not properly a part of the case, but in the alternative, even if it were, the canal bottom, covered only by the waters of the canal, was "vacant land" within the insuring definition of the policy.
Lutostanski's claim against Steffens would be within the "business pursuit" exclusion of the policy only if the injury arose out of Steffens' business pursuits. Whether an activity is a business pursuit is almost always a factual question for determination by the trier of fact. It cannot be denied that at the time the development was initiated, the canal was constructed to enhance the value of the property and the profits anticipated from the sale of the surrounding lots. Appellant cites and relies heavily upon the cases of O'Conner v. Safeco Insurance Co. of North America, 352 So.2d 1244 (Fla. 1st DCA 1977), Gaynor v. Williams, *337 366 So.2d 1243 (Fla. 3d DCA 1979), and American Hardware Mutual Insurance Co. v. Tri-State Mutual Insurance Co., 276 N.W.2d 264 (S.D. 1979), as authority for its position that the business pursuit exclusion is applicable to any injury for which the insured initiates the chain of causation while engaged in a business pursuit. As applied to this case, Appellant contends that the canal, out of which the injury arose, would not have been planned, designed or constructed but for the business pursuits of the insured.
While Appellant's position appears to be sound as a general proposition, it must be remembered that in this case the claim against Steffens is bottomed upon the legal duty which the owner of land owes to others, and thus the inquiry should be whether, at the time the injury arose, he owned the land as part of a business pursuit. The trial court made a factual determination that the business pursuit which caused the canal to be constructed had long since been abandoned by Steffens. That factual determination is supported by competent substantial evidence, and thus this case is distinguishable from the foregoing cases, in each of which the injury arose out of a business pursuit in which the insured was then actively engaged.
Appellant also contends that it was error for the trial court to find that the canal bottom was "vacant" land within the meaning of the policy where the evidence established that the canal bottom was occupied by tidal waters, watercraft and marine life. In this respect, Appellant again relies upon the case of O'Conner v. Safeco Insurance Co. of North America, supra, in which the First District Court determined that a clay road which had been built to serve a number of improved and unimproved lots was not vacant land within the meaning of an identical clause in another insurance policy. In analogizing the canal in this case with the road in the O'Conner case, Appellant argues that the canal was built to accommodate watercraft traffic, was specifically constructed to provide access to the interior lake from the Intracoastal Waterway, and was designed to enhance the value of the lots by interrelating them, all quite similar to the basis upon which the O'Conner court concluded that the clay road serving the subdivision in that case could not be deemed "vacant" land. The policy itself does not further define the term "vacant" but we construe the term as being land which is unoccupied by any permanently affixed structure or inanimate object. One would hardly consider a parcel of land as anything other than vacant merely because it contained a drainage ditch filed with water, anymore than one would consider a parcel of land on which there were only native trees and underbrush as anything other than being vacant. And so it is that land over which flows a canal, though the canal be filled with tidewater in which marine life exists and upon which boats are operated, is, in the ordinary usage of the word, vacant land.
AFFIRMED.
HERSEY, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting:
Respectfully, I cannot agree that Steffens' business pursuit was "abandoned."
All agree that initially the property in question was a part of a business pursuit in that a canal was dug thereon for the purpose of enhancing the value of the whole property and promoting the sale of surrounding lots. As I see it the continued existence of the canal is an ongoing business pursuit regardless that the surrounding lots have now been sold. Undoubtedly it would be difficult (impossible) for Steffens to tell the now lot owners who bought on account of the canal that he had abandoned his business interest in the canal and was now going to fill it in and use it for other purposes. Steffens' obligation to maintain the canal in use continues because of his pact, express or implied, with the lot owners who bought in reliance.
Finally, I cannot agree with the rationale that the canal under the circumstances of *338 this case is vacant land. I do not think O'Conner v. Safeco Insurance Co. of North America, 352 So.2d 1244 (Fla. 1st DCA 1977), can be meaningfully distinguished and, upon its authority, would reverse the finding that the canal bottom was vacant land.