FIRE INSURANCE EXCHANGE, a re-
ciprocal or inter-insurance exchange,
Plaintiff and Respondent,

v.

Michael ALSOP, D.C., Defendant
and Appellant.

No. 20056.

Supreme Court of Utah.

Nov. 1, 1985.

S. Rex Lewis, Provo, for defendant and
appellant.

Alma Nelson, Salt Lake City, for plaintiff
and respondent.

PER CURIAM:

Defendant appeals from a determination that he is not entitled to professional liability coverage under his homeowners insurance policy. As a licensed chiropractor practicing in Utah County, defendant Dr. Alsop was sued by a patient in connection with certain chiropractic services rendered. He demanded that plaintiff Fire Insurance Exchange defend the action under the personal liability provisions of his residential homeowners policy. Plaintiff filed this declaratory action to determine the policy's coverage. The lower court granted summary judgment in favor of the insurer, denying coverage. We affirm.

Defendant's homeowners policy provides that claims arising from "business pursuits" and "professional services" are excluded from its coverage. The policy's exclusion language states that:

> This insurance [personal liability and medical payments to others] does not apply . . .:
>
> . . . .
>
> (c) to bodily injury . . . arising out of the rendering of or failing to render professional services;
>
> (d) to bodily injury . . . arising out of business pursuits of any insured except activities therein which are ordinarily incident to nonbusiness pursuits.

In October 1982, defendant rendered brief chiropractic treatment to a woman during her labor and delivery of a baby. Alleged complications in the baby's delivery resulted in injury to the mother and child. A malpractice action was later brought by the parents and child against defendant and others who were more directly involved in providing the health care during the labor and delivery. The complaint alleged claims against all the defendants generally, including Dr. Alsop, for negligence, malpractice, battery, breaches of warranties and contract, and the unlicensed practice of medicine and nursing. For the purpose of determining whether coverage of these claims exists in this case,

we compare the policy provisions with the undisputed facts of defendant's activities and the allegations of the claimant's complaint.

■ Defendant Alsop claims that the exclusionary language of his policy should be strongly interpreted against the insurer. This rule of construction favoring an insured does not apply in the absence of some ambiguity in the policy provisions.[1] On the record presented to us in this case, we find no ambiguity in the language of the exclusion.[2] Accordingly, we construe the above language from the policy according to its usual and ordinary meaning.[3]

■ The primary purpose of a homeowners policy is to provide package coverage for exposures incidental to home ownership and not to provide malpractice, professional or business liability insurance. *Krings v. Safeco Insurance Co. of America*, 6 Kan.App.2d 391, 628 P.2d 1071 (1981); *Torres v. Sentry Insurance, supra*, at 401. As quoted above, defendant's policy expressly excludes from coverage those activities of the insured in rendering "professional services" or in "business pursuits." *Davis v. Frederick's Inc.*, 30 Utah 2d 321, 517 P.2d 1014 (1973); J. Sandoval, *Construction and Application of "Business Pursuits" Exclusion Provision*, 48 A.L.R.3d 1096 (1973).

Defendant concedes that his brief chiropractic treatment of Mrs. Whipple constituted "professional services" and "business pursuits" within the meaning of the policy's exclusions. He agrees that the negli-

gence and malpractice claims are excluded from coverage. The defendant asserts that the policy exclusions do not apply to the "groundless" allegations of fraud, breach of warranty, and the unlicensed practice of medicine which, defendant argues, were not part of the business or professional services he rendered.[4] We reject defendant's attempt to avoid the exclusion by arguing that these alternative theories of liability, which are based upon the same activity, are not included in the rendering of professional service or a business activity.

The claims alleged against defendant all arise out of a single activity in his professional capacity as a chiropractor. As a business pursuit or professional service, the claims arising therefrom are beyond the policy's coverage. Defendant erroneously interprets the policy language only in reference to the alleged legal theories of the injured party, ignoring the insured's own actions. We have not found any support for defendant's proposition that the same conduct can be a business pursuit or professional service under one theory of recovery, but not a business pursuit under an alternate theory.

In applying the policy's exclusion to the insured's conduct, the emphasis should be placed upon the alleged activities or omissions of the insured which give rise to the claim and not upon the claimant's characterizations of her legal theories of liability.[5] But for the professional services which he rendered in connection with the labor and

---

1. 11 Rhodes, Couch on Insurance 2d § 44:5–7, pp. 190–93 (rev.ed.1982).

2. *Transamerica Insurance Co. v. Preston*, 30 Wash.App. 101, 632 P.2d 900 (1981); *Torres v. Sentry Insurance*, Okla., 558 P.2d 400 (1976); *Harris v. Fireman's Fund Indemnity Co.*, 42 Wash.2d 655, 257 P.2d 221 (1953).

3. *St. Paul Fire and Marine Insurance v. Commercial Union Assurance*, Utah, 606 P.2d 1206 (1980); *American Casualty Co. v. Eagle Star Insurance Co.*, Utah, 568 P.2d 731 (1977).

4. Whether the allegations against Dr. Alsop are "extraneous" or "groundless" is irrelevant to our inquiry. At the present time the allegations of the complaint remain just that—allegations.

We do not presume they are groundless or justified.

5. *Martinelli v. Security Insurance Co. of New Haven*, 490 S.W.2d 427 (Mo.App.1972); *Edwards v. Trahan*, 168 So.2d 365 (La.App.1964); *Aetna Insurance Co. v. Janson*, 60 Ill.App.3d 957, 18 Ill.Dec. 143, 377 N.E.2d 296 (1978); *Economy Fire and Casualty Co. v. Beeman*, 656 F.2d 269, 271 (7th Cir.1981); *Transamerica Insurance Co. v. Preston, supra*, and cases cited therein. In these cases the applicability of the policy exclusion for "business pursuits" focused upon the activity of the insured and not the alleged theories of recovery.

delivery, there could be no claim at all against defendant. Whether the exclusion applies in a particular matter must be determined in the context of its relationship to the alleged activity of the insured. As we stated in *Davis v. Frederick's, Inc., supra:*

> [N]either the *activity,* nor the language of the policy, should be viewed in isolation. They should be looked at in the light of practical common sense in relation to the pertinent circumstances. If when viewed, the *activity* is something which is reasonably necessary in the carrying on of the business, then it should be regarded as a part of the "business pursuit" within the meaning of the language of the policy.

30 Utah 2d at 323, 517 P.2d at 1015 (emphasis added). In *Davis* we held that an employee acted in a business pursuit when causing injury to a patron of his employer, even though the employee was not working at that moment. Therefore, the accident was excluded from the coverage of the employee's homeowners policy.

Defendant also argues that the several alternative claims alleged in the personal injury complaint relate to "nonbusiness pursuits" and therefore are excepted from the exclusion. Yet, all the allegations arise out of the same activity which is conceded to be a business pursuit. If whatever defendant did constituted a professional service or was business-related with an expectation of payment, the exclusion applies, no matter by whatever legal theory the claimant asserts a right of recovery. If, as admitted, the chiropractic services were professional services when performed, allegations that the same activities also constituted misrepresentation, negligence or the illegal practice of medicine do not change their character as professional services or activities in a "business pursuit." *Transamerica Insurance Co. v. Preston, supra,* at 903. Moreover, because defendant's activities were in fact "professional services," the exception to the exclusion under subparagraph (d) for "nonbusiness pursuits" does not apply.

Defendant's further argument that the malpractice claims against him do not arise out of any "bodily injury" is likewise without merit. The damages claimed are clearly predicated upon the alleged physical pain and injuries suffered by the mother and child at the time the chiropractic services were performed.

We affirm the summary judgment below denying coverage to the defendant under the terms and conditions of the insurance policy.