GLICKSTEIN, Judge.
This is an appeal of a final order, declaring appellee to be covered under an insurance policy issued by appellant. We affirm.
Appellee, the insured in this case claimed coverage under a homeowner’s policy issued to him by appellant, based on an incident which occurred October 6, 1983, while appellee was employed by Aristocrat Security Services. The policy provides in pertinent part:
Coverage L — Personal liability and Coverage M — Medical Payments to others do not apply to: B. Bodily injury or property damage arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured.
As a security guard for Aristocrat, the insured was responsible for keeping a motel parking lot free for motel guests and for instructing patrons of a nearby bar to park elsewhere. Prior to his employment with Aristocrat, appellee had been laid off *1199 from his job at Piper Aircraft where he has been employed as an aircraft fabricator since 1971. He was laid off from this position from June 4, 1982 through January 3, 1983.
In 1982, appellee took a job with Aristocrat as a part-time security guard in order to help meet expenses. Appellee stated that although he would not have worked without payment, he also took the job as a favor; and that he ceased work as soon as the person for whom he was substituting returned home. He was paid $4.00 per hour and worked twenty to twenty seven hours per week during the period in question; had been doing this job three nights per week for approximately one month, at the time of the shooting incident which precipitated the lawsuit against him; and stated that he considered himself an employee of Aristocrat at the time of the incident. He returned to Piper in January 1983, although initially he did not perform the same type of work he had done prior to being laid off.
In our view the trial court did not err in finding the appellee was not engaged in a “business pursuit” as defined by the policy issued by appellant.[1]
The definitions section of the insurance policy defines business as follows:
Definitions

2. “Business” means a trade, profession or occupation, including farming.
Both parties devote much of their briefs to arguing whether appellee’s duties with Aristocrat constituted an “occupation” within the definition of the policy, citing to various dictionaries. However, there is no definition of “pursuit” in the policy, although the courts have developed requirements for that definition. In O’Conner v. Safeco Insurance Company of North America, 352 So.2d 1244 (Fla. 1st DCA 1977), the appellant was injured when the automobile she was operating skidded on clay which had washed from an intersecting clay surface road owned by the Middle-tons, who sought coverage for the accident from their homeowner’s policy. The policy did not provide coverage for injury or damages “arising out of business pursuits” (the case did not state whether the policy defined “business”). The trial court granted summary judgment in favor of the insurer. The appellate court affirmed, stating:
The trial court was also correct in holding as a matter of law that insurance was excluded as “arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits.” The Middletons’ clearing, grading, filling and maintenance of the road was a business pursuit. Not every activity undertaken for profit is necessarily a business pursuit, but the Middletons’ subdivision and sale of 100 lots, their provision for separate banking and accounting of receipts and disbursements, their characterization of the subdivision as Broward Hills Estates, and their creation and maintenance of the clay road for the satisfaction of their prospects and purchasers indicated a continuous and comprehensive, if somewhat casual, activity for financial gain. See Annot. 48 A.L.R.3d 1096, 1101 (1973).
Id. at 1246.
In Gaynor v. Williams, 366 So.2d 1243 (Fla. 3d DCA 1979), Gaynor was a banker and an insurance man. He also owned an apartment complex from which he derived all profits. Gaynor sought coverage from his umbrella personal liability policy for an accident arising out of the operation of the complex. The policy did not apply “to any business pursuits or business property ... of an insured....” The policy stated that the term “ ‘business’ includes trade, profession or occupation.” Id. at 1244. The appellate court affirmed the trial court’s finding of no coverage, stating:
Gaynor’s ownership of the complex clearly constituted a “continuous and comprehensive ... activity for financial *1200 gain ...and thus fell within the accepted definition of a “business pursuit.” O’Conner v. Safeco Ins. Co. of North America, 352 So.2d 1244, 1246 (Fla. 1st DCA 1977); Peterson v. Highlands Ins. Co., 328 So.2d 49 (Fla. 3d DCA 1976); Otero v. United States Fire Ins. Co., 314 So.2d 208 (Fla. 3d DCA 1975), cert. denied, 328 So.2d 843 (Fla.1976).
Id. at 1243.
In Saha v. Aetna Casualty & Surety Company, 427 So.2d 316 (Fla. 5th DCA 1983), a physician owned a small herd of cattle, as a tax shelter. The cattle were kept on a tract of land owned by the physician. The land contained a pond used as a source of water for the cattle. When a young child drowned in the pond, the physician sought coverage under his homeowner’s policy. Excluded from coverage was bodily injury:
b. Arising out of business pursuits of any insured ...;
Under the definition portion of the policy it was stated:
2. A business includes trade, profession or occupation.
The appellate court affirmed the trial court’s finding of no coverage, stating:
[T]he cattle operation was a continuous and comprehensive activity for financial gain, and falls within the accepted definition of a business pursuit. Gaynor, supra; O’Conner v. Safeco Insurance Company of North America, 352 So.2d 1244, 1246 (Fla. 1st DCA 1977).
Id. at 318.
Thus, regardless of the definition of “business” contained in a policy, a “business pursuit” must be a “continuous and comprehensive activity for financial gain.” In his final judgment the trial judge found that appellee’s position with Aristocrat lacked the requisite continuity.
In American Motorist Insurance Company v. Steffens, 429 So.2d 335 (Fla. 4th DCA 1983), this court stated: “Whether an activity is a business pursuit is almost always a factual question for determination by the trier of fact.” In affirming the trial court, this court stated the trial court’s factual determination that the activity was not a business pursuit was supported by competent, substantial evidence. Id. at 337.
In the present case, the appellee was still employed at Piper Aircraft. He was still gaining seniority and collecting unemployment; his tools were stored at Piper in anticipation of his return; his position with Aristocrat was only part-time and part of the reason for doing it was to help a friend; he was paid by cash and received no benefits; he fully intended to return to his job at Piper Aircraft; and his employment at Aristocrat lasted only one month. We find the trial court did not err in determining appellee was not engaged in a “business pursuit” as defined by the policy issued by appellant.
WALDEN, J., and OWEN, WILLIAM C., JR., Associate Judge, concur.

. As one of the other members of the panel ■ cogently observed at oral argument, had the trial court found the other way, we would have been hard pressed to reverse, with which appel-lee’s counsel candidly concurred.