582 So.2d 989 (1991)
Brent Michael FORET, et al.
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, et al.
No. 90 CA 1466.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
*990 Eugene G. Gouaux, Jr., Lockport, for plaintiff-appellant Brent Michael Foret and Charlene Foret.
Jerry L. Herman, Law Firm of LaRussa, Kopfler & Herman, Houma, for defendant Allstate Ins. Co. and Steve Cheramie.
John J. Hainkel, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for Louisiana Farm Bureau Cas. Ins. Co. and Archie Dantin.
Before LOTTINGER, SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Brent Michael Foret, was injured while helping his brother-in-law, Stephen Cheramie, move a mobile home Cheramie owned onto a lot also owned by Cheramie. Cheramie's intent in moving the mobile home was to sell the lot and mobile home as one unit.
Foret sued Cheramie's insurer, Allstate Insurance Company (Allstate), under a standard homeowners policy which included family liability coverage. His wife Charlene joined in the suit seeking damages for loss of consortium. Allstate moved for summary judgment, contending the lot where the accident occurred was not an "insured premises" and that, even if it were an insured premises, coverage was excluded under the "business pursuits" exclusion. The trial court granted summary judgment on both bases. Foret appeals.
The policy in question defines "insured premises" as:
a) the residence premises; and
b) under Section II only
* * * * * *
7) vacant land, other than farmland, owned by or rented to an insured person.
The trial court found that the lot in question was not vacant because the mobile home had been placed on the property.
The term "vacant land" is not defined in the policy. It thus must be given its plain, ordinary, and popular meaning. Coates v. Northlake Oil Co., 499 So.2d 252 (La.App. 1st Cir.1986), writ denied, 503 So.2d 476 (La.1987).
The common or ordinary meaning of the term "vacant" is empty or unoccupied. Tolbert v. Ryder, 345 So.2d 548 (La.App. 3d Cir.1977), the only Louisiana case interpreting this policy provision, held that land on which 300 or more head of cattle grazed and on which farm buildings were located was not vacant. "Vacant" is thus not synonymous with "uninhabited."
The term "vacant" has been interpreted by Florida courts as meaning devoid of inanimate objects or permanently affixed structures. American Motorist Ins. Co. v. Steffens, 429 So.2d 335 (Fla.App.1983); O'Conner v. Safeco Ins. Co., 352 So.2d 1244 (Fla.App.1977); Hehemann v. Michigan Millers Mutual Ins. Co., 240 So.2d 851 (Fla.App.1970). Foret and Cheramie were in the process of permanently affixing the mobile home to the lot at the time of the accident. Although the process had not been completed, the lot was no more vacant than if a slab had been poured for construction of a home. The lot was not empty; it was occupied by the mobile home. The accident site thus was not an insured premises under the policy.
*991 The plaintiffs contend that even if the lot was not vacant, there is coverage because of language found at the beginning of the family liability section of the policy, as follows:
LOSSES WE COVER:
Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.
The plaintiffs contend that they have a cause of action because the insured, Cheramie, may be legally obligated to pay damages for bodily injury to them. However, the plaintiffs ignored the last phrase in the section quoted above"covered by this part of the policy."
The policy contains numerous exclusions. Exclusion 9 provides in pertinent part:
We do not cover bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by an insured person.
Courts are bound to give legal effect to all contracts, including insurance policies, according to the true intent of the parties, and the intent is to be determined by the words in the contract when they are clear and explicit and lead to no absurd consequences. Bardwell v. American National Ins. Co., 94 So.2d 313 (La.1957). An insurance contract must be construed as a whole; one section is not to be construed separately or at the expense of disregarding other sections. Benton Casing Service v. Avemco Ins. Co., 379 So.2d 225 (La. 1979). A clear and unambiguous provision in an insurance contract which limits liability must be given effect. Superior Steel v. Bituminous Casualty Corp., 415 So.2d 354 (La.App.1st Cir.1982).
Allstate has clearly limited its coverage under the family liability provisions of the policy to losses which occur on the insured premises. The accident did not occur on the insured premises. Allstate thus had no coverage for this accident.
Because we hold there is no coverage because the accident did not occur on the insured premises, we pretermit discussion of the applicability of the business pursuits exclusion. The decision of the trial court granting summary judgment in favor of Allstate on the issue of coverage under the family liability portion of the policy is affirmed at appellants' costs.
AFFIRMED.