ELLIS, Judge.
Plaintiff, while assisting defendant’s assured in rounding up some stray cattle, was struck in the mouth, and seriously injured, by a stick thrown by the assured. To the suit filed by plaintiff, defendant interposed a number of defenses, the most important of which was that of non-coverage under the policy. From a judgment dismissing the suit, plaintiff prosecutes this appeal.
Briefly, the facts show that Luther C. Juban, plaintiff’s step-father-in-law and defendant’s insured, was the owner of a 150 acre farm near Baton Rouge, on which he kept 86 head of cattle. A family of four lived on the farm and did certain work thereon in return for free rent. Mr. Juban maintained workmen’s compensation insurance for their protection.
Plaintiff, who lived in a house in Baton Rouge which was provided for him, rent-free, by Mr. Juban, occasionally did some work on the farm, sometimes alone and sometimes when accompanied by Mr. Juban. At the time of the accident hereinafter referred to, plaintiff was employed full-time at a chemical plant at a salary in excess of $500.00 per month.
On May 3, 1964, plaintiff accompanied Mr. Juban to the farm to help him round up a couple of stray calves which had escaped onto the neighboring property, a farm owned by a Mr. O’Neal. In the process of so doing, both men picked up a stick. As they were engaged in driving the cattle, Mr. Juban threw his stick at one of them, but instead struck plaintiff in the mouth, causing fairly serious injury to his mouth and teeth.
At the time of the accident, Mr. Juban had, in full force and effect, personal liability insurance coverage with The Employers Fire Insurance Company, which was erroneously sued as Employers Liability Assurance Corporation, but which filed an answer herein. The said coverage was part of a comprehensive dwelling policy issued to cover Mr. Juban’s home at 164 Delgado Drive, Baton Rouge, Louisiana. By endorsement, a number of other properties owned by Mr. Juban were covered under the personal liability feature of the policy, but the farm was not so included.
The coverage under the policy is extended to losses occurring on the premises designated in the schedules, and to premises covered by the following definition:
“(c) Premises (As extended): For the purposes of Coverage Group C, the definition of ‘premises’ appearing on page 3 of this policy is extended to include: (1) all premises where the named insured or his spouse maintains a residence and includes private approaches thereto and other premises and private approaches *204 thereto for use in connection with said residence, except business property and farms, * *
The policy also contains exclusions to the effect that the policy does not apply
“ * * * to any business pursuits of an Insured, other than activities therein which are ordinarily incident to non-business pursuit.
“ * * * to bodily injury to or sickness, disease or death of (1) any person arising out of and in the course of his employment benefits therefor are in whole or in part payable or required to be provided under any workmen’s compensation law. * * * »
The policy defenses presented are based on the above definitions and exclusions, and are, first, that the plaintiff was an employee of Mr. Juban, and would, therefore, have been covered by the workmen’s compensation policy he carried on the farm, and excluded from coverage under the instant policy. Second, it is contended that the farm is a business pursuit of Mr. Juban, and therefore activities in connection therewith are specifically excluded from coverage. Third, it is contended that farms are specifically excluded under the extended definition of premises and that there would be no coverage for this reason.
We find it well established by the record that the farm was a business pursuit of Mr. Juban. He had purchased it several years before the accident for $75,000.00, and had cattle on it representing a substantial investment. He testified, when asked if it were operated as a business or hobby, that it was a business. We find that herding cows which had escaped from the property to be a business pursuit, and consequently an injury incurred while so engaged would not be covered under the policy.
Even if this were not so, we are of the opinion that the farm premises were excluded from coverage under the extended definition of premises contained in the policy. The fact that plaintiff and Mr. Juban were on the adjoining property when the accident occurred cannot alter the fact that the activities in which they were engaged were “in connection with” the farm, and, as such, excluded from coverage.
For the foregoing reasons, the judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.