221 So.2d 272 (1969)
Hollis BERRY, Jr., Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellees.
No. 11182.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1969.
Pugh & Nelson, Shreveport, for appellant.
Feist, Schober & Gray, Mayer & Smith, Shreveport, for appellees.
Before GLADNEY, BOLIN and DIXON, JJ.
BOLIN, Judge.
Plaintiff seeks to recover damages for personal injuries sustained in an accident occurring during the course and scope of his employment as an electrician with Libbey-Owens-Ford Glass Company. Several parties were made defendants. The only defendants involved in this appeal are G. W. Goldsby, a fellow employee of plaintiff, and Insurance Company of St. Louis, insurer of Goldsby under a "home owners policy". From a summary judgment dismissing plaintiff's claim against Insurance Company of St. Louis plaintiff appeals.
As related to the summary judgment the facts are not in dispute. Goldsby was operating a large "fork lift" truck for Libbey-Owens. Attached to the end of the arm on the fork lift was a wire basket in which plaintiff was raised to replace faulty light-bulbs in the plant. It is alleged Goldsby negligently backed the truck so that the wire basket struck an object causing plaintiff to fall, inflicting serious personal injuries.
Defendant's policy contained liability coverage under Section II (E, F & G) for the personal injuries inflicted upon plaintiff *273 unless specifically excluded. Under "Special Exclusions" the policy provides:
"Section II of this Policy Does Not Apply:
"(a) (1) to any business pursuits of an Insured, except, under Coverages E and F, activities therein which are ordinarily incident to non-business pursuits, (2) * * *."
Under "Definitions" the policy provides: "Business: Includes trade, profession or occupation".
The only question relates to the proper interpretation of the quoted exclusionary provision of the insurance policy, i. e., whether the provision is clear and unambiguous.
Appellant contends the exclusionary clause is not clear and any ambiguity should be resolved against the insurance company who prepared the contract. As "business" is defined in the policy, plaintiff admits the exclusion would be clear if it had only provided: "Section II of this policy does not apply to any business pursuit of an insured". However, it is urged that the addition of "Except, under Coverage E and F, activities therein which are ordinarily incident to non-business pursuits" rendered the entire clause, quoted above, ambiguous. In furtherance of this argument it is contended a comma may be used in lieu of the word "and" in punctuating a sentence. Following this line of argument we are urged to construe the clause to read as follows:
"Section II of this Policy Does Not Apply: (a) (1) to any business pursuits of an Insured, except, under Coverage E and F and activities therein which are ordinarily incident to non-business pursuits."
We construe the disputed policy provision to exclude coverage under Section II as to any business pursuits of the insured other than activities therein which are ordinarily incident to non-business pursuits. Under this interpretation it is foreseeable it might become very difficult to determine in some cases whether a particular activity is "ordinarily incident to non-business pursuits". However, in the instant case we think it cannot be seriously contended the operation of a fork lift truck by Goldsby was incidental to a non-business pursuit.
Appellant also complains the lower court erroneously granted a summary judgment in favor of the insurer even though no affidavits or other evidence were produced on its behalf to establish the facts upon which it relied. Louisiana Code of Civil Procedure Article 966 provides a motion for summary judgment may be granted with or without supporting affidavits. The activities of Goldsby, as set forth in the pleadings, constituted a sufficient basis upon which to predicate the summary judgment.
The judgment of the lower court is affirmed at appellant's cost.