236 So.2d 920 (1970)
Alphonse PITRE, Plaintiff-Appellant,
v.
PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 3104.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1970.
Guillory, Guillory & Guillory, by Robert K. Guillory, and Donald Mayeux, Eunice, for plaintiff-appellant.
*921 Dubuisson & Dubuisson, by James T. Guglielmo, Lewis & Lewis, by Seth Lewis Jr., Sandoz, Sandoz & Schiff, by Lawrence B. Sandoz, Jr., Opelousas, for defendant-appellee.
Before FRUGE, HOOD and MILLER, JJ.
MILLER, Judge.
Alphonse Pitre appeals the summary judgment which applied the "business pursuits exclusion" in the Home Owner Policy written by defendant Pennsylvania Millers Mutual Insurance Company.
Pennsylvania insured Corrace Hollier who had worked 31 years as a laborer for Cotton Products Company. His co-employee Alphonse Pitre performed the same type work, but because of Hollier's seniority, Hollier's status was more or less that of a foreman. Both earned $1.60 per hour when they worked.
In preparation to operate the company's equipment, Hollier instructed Pitre to close the "truck chute" and open the two corn bin chutes. To do this Pitre had to climb a 65 foot ladder and work on a catwalk. Hollier then walked to the sample room with a plant official and discussed business matters with him for 20 to 25 minutes. When Hollier returned, he looked for Pitre and "hollered" for himto no avail. He then went to the starter buttons and first started the elevator, then the augur. Tr. 70. As soon as he pushed the augur button, he heard a scream and immediately pushed the "off" button.
In the meantime Pitre discovered that he could not close the "truck chute" because of a rock which caused the chute door to remain partially open. While his arm was in the augur in an attempt to remove the rock, the augur was started. Pitre lost his arm and seeks damages under the public liability section of Hollier's Home Owner's Policy.
There is a question of fact as to whether or not Pitre violated well understood and enforced rules by working in the augur without notifying co-workers. The deposition suggests that the rule was that the fuses in the electrical supply had to be removed before anyone worked around the augur. But assuming negligence on the part of Hollier and no contributory negligence on the part of Pitre, the issue is: Does Hollier's Home Owner's Policy afford liability coverage to Hollier under the facts of this case? The trial court correctly found that it does not.
The pertinent parts of the policy are:
"Coverage EPersonal Liability.
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury. * * *"
SPECIAL EXCLUSIONS.
[This liability coverage] * * * Does Not Apply: (a)(1) to any business pursuits of an Insured, except * * * activities which are ordinarily incident to non-business pursuits, * * *."
Hollier and Pitre were engaged in their employer's business at the time of the accident. All of Hollier's activities were deliberate and were essential to the work of Hollier and Pitre. Hollier's actions in pushing the button to start the augur were in furtherance of his business pursuits and were not an ordinary incident to non-business pursuits. Therefore, the exclusion applies.
Appellant suggests that this exclusion applies only when the insured owns the business and that it does not exclude *922 an employee who negligently injures a fellow employee. Although no authority is cited for this argument, it is suggested that the policy is at least vague and to that extent must be construed against the insurance company. DeShazo v. Cantrelle, 165 So.2d 893 (La.App. 4 Cir.1964). We find no support for the contention that this provision is vague when applied to the facts of this case.
Appellant argues that Hollier must have pushed the button without thinking and realizing the consequences; that this was therefore an absent-minded action; that this should be considered the same as an accidental touching or brushing of the button. We find no support for this argument. We acknowledge that it may become very difficult to determine in some cases whether a particular activity is "ordinarily incident to non-business pursuits". However, in the instant case it cannot be seriously contended that the starting of the augur was incidental to a non-business pursuit. See Berry v. Aetna Casualty & Surety Company, 221 So.2d 272, 273 (La. App. 2d Cir.1969).
We are supported by the decisions in Berry, supra, and Burroughs v. Employers Liability Assurance Corporation, 198 So.2d 202 (La.App. 1 Cir.1967). In Berry, the insured was driving a fork lift truck and negligently injured a fellow employee. It was held that the business pursuits exclusion applied. In Burroughs, the insured negligently injured an employee by throwing a stick at a cow while in the process of herding cows. Anyone of three exclusions (business pursuits, farming, and workmen's compensation) might have applied, and we cannot be certain that the court relied solely on the business pursuits exclusion. But to some extent, Burroughs supports this decision.
Appellants rely on Edwards v. Trahan, 168 So.2d 365 (La.App.3d Cir.1964) where the business pursuits exclusion was not applied. It was found that the insured was hauling hay for his personal use and therefore the exclusion did not apply. Here it was Hollier's business activity which caused the accident.
There is nothing to support appellant's argument that Hollier "performed an action which was completely unrelated to his business pursuits. By this we mean he performed a very personal, absent-minded action of simply `pressing a button.'" On the contrary, Hollier's actions were completely related to his employment. There was nothing accidental or absent-minded about his activity leading to the start of the augur.
The trial court judgment is affirmed at appellant's cost.
Affirmed.