240 So.2d 408 (1970)
The UNITED STATES FIDELITY & GUARANTY COMPANY et al., Plaintiffs-Appellees,
v.
W. B. BURRIS, Defendant-Appellant, and Douglas Free et al., Defendants-Appellees.
No. 11493.
Court of Appeal of Louisiana, Second Circuit.
October 13, 1970.
Shuey, Smith & Carlton by W. Gene Carlton, Shreveport, for W. B. Burris, appellant, and N. W. Crowell, and others, appellees.
Mayer & Smith by Caldwell Roberts, Shreveport, for appellees United States Fidelity & Guaranty Co. and National Fire Ins. Co.
Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for appellee, Hardware Mut. Cas. Co.
Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., Shreveport, for appellee, Johnson Electric Motor & Manufacturing Co.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for appellee, State Farm Fire & Cas. Co.
Before BOLIN, DIXON and WILLIAMS, JJ.
*409 WILLIAMS, Judge.
W. B. Burris, one of the original defendants, appeals from a judgment of the trial court granting two motions for summary judgment. These judgments were in favor of State Farm Fire and Casualty Company and Hardware Mutual Casualty Company, respectively, each having been made a third party defendant by the original defendant, Burris. The court held that under the terms of the insurance policy issued by each of the above named insurers, there was no coverage for the damage done by Burris.
The essential facts are: Johnson Electric Motor and Manufacturing Company, Inc. planned to change location and were vacating its building on June 28, 1968. The Vice President asked Burris to remove a paint spray booth from its premises. Burris agreed to take the booth from the old location to his shop and if found usable in his operations, he would arrange payment for it. There was no agreement to pay Burris for its removal.
When Burris and his employees, Clinton and N. W. Crowell, went to remove the booth they found they could not load it on Burris' pick-up because of a metal shroud at the top of the booth. Burris returned to his shop for an oxygen-acetylene cutting torch with tanks and accessories, backed his truck up to the booth, and left the oxygen-acetylene tanks on the truck. Burris' employee climbed from the truck to the top of the booth, approximately twelve feet from the ground, and began cutting away the shroud. In some manner the torch set fire to the paint residue in the bottom of the booth resulting in extensive damage to the building in which the booth was located as well as to the adjoining buildings.
The original plaintiffs were the fire insurers of the buildings damaged. The insurers paid the owners of the buildings for the damage suffered by each and obtained subrogations. Suit was then filed against Burris and his employees.
Burris placed a third party demand on his insurers. State Farm Fire & Casualty had issued Burris a "homeowners" liability policy; Hardware Mutual Casualty Company issued Burris a liability policy on his 1968 Chevrolet pick-up truck. Both companies denied coverage, State Farm on the ground that Burris was engaged in a "business pursuit". Special Exclusion (a) (1) excludes coverage of "any business pursuits of the insured except, * * *, activities not ordinarily incident to nonbusiness pursuits." Under the facts as contained in the record we are convinced Burris was engaged in a matter connected with his business. Having reached this conclusion the exclusion quoted above would result in noncoverage. See Berry v. Aetna Casualty & Surety Company, et al., 221 So. 2d 272, 273 (La.App. 2d Cir. 1968).
Under the Hardware Mutual policy it is Hardware's contention that Burris was not "using" his truck at the time of the accident nor did the fire occur as a result of the "use" of the truck. It is upon this basis that the district court granted the motion for summary judgment.
The Louisiana Code of Civil Procedure, article 966 (as amended by Act 36 § 1 of 1966) provides that the trial judge shall render a summary judgment if there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. The trial judge rendered judgment on the basis of causation alone, saying that the loading process had not yet begun and that the acetylene torch, not the truck, caused the fire.
The jurisprudence of Louisiana has given a broader interpretation to the words "arising out of the * * * use of the automobile" than that given by the trial court. The totality of the circumstances surrounding or leading up to an accident should be examined in determining if that accident arose out of the "use" of the automobile or truck. By looking to what part the automobile played in the entire scheme the courts can determine if there is coverage, *410 and if so, how far it will be extended. Each case must depend on its facts according to the part the automobile played in the scheme.
The coverage concept is amply supported by the jurisprudence of Louisiana. An insurance company was held liable under an "arising out of * * * the use" clause for injuries caused by a gunshot wound resulting from the discharge of a security guard's pistol while attempting to open a car with the keys inside. A third person was wounded and sued the liability insurer of the automobile. Gaining entrance was held incident to its use. Cagle v. Playland Amusement, Inc., 202 So.2d 396, 401 (La. App. 4th Cir. 1967). Likewise, a man sitting in his parked car who gave directions to a child causing the child to be struck by another vehicle when darting into traffic was held to have been "using" his automobile within the terms of the policy. Baudin v. Traders & General Insurance Company, 201 So.2d 379, 382 (La.App. 4th Cir. 1967). See also, Vogt v. Hotard, et al., 144 So.2d 714, 718 (La.App. 4th Cir. 1962), and Lynch v. Fisher, 34 So.2d 513 (La.App. 2d Cir. 1947). Similar conclusions have been reached in federal and other state court decisions.[1]
Accordingly, we find that the granting of the summary judgment in favor of State Farm Fire & Casualty Company is correct and therefore affirmed. Further, we find the summary judgment in favor of Hardware Mutual Casualty Company to be improper and is reversed and remanded to the First Judicial District Court, Caddo Parish, for further proceedings in conformity with the stated opinion above.
Judgment appealed from is affirmed in part and reversed in part at appellant's cost.
NOTES
[1] Merchants Co. et al. v. Hartford Accident & Indemnity Co., et al., 187 Miss. 301, 188 So. 571, 572 (1939); Christian, et al. v. Royal Insurance Company, Ltd. et al., 185 Minn. 180, 240 N.W. 365 (1932); Carter v. Bergeron, 102 N.H. 464, 160 A.2d 348, 354 (1960); Luchte v. State Automobile Insurance Co., 50 Ohio App. 5, 197 N.E. 421 (1935); Suburban Service Bus Co. v. National Mutual Casualty Co., 237 Mo.App. 1128, 183 S.W.2d 376 (1944); Fidelity & Casualty Co. of New York v. Lott, et al., 273 F.2d 500 (5th Cir. 1960); and, Sparkman v. Highway Insurance Co., 266 F.Supp. 197 (W.D. La.1967).