SCHOTT, Judge.
Defendant Collins Thibodeaux has appealed from a summary judgment dismissing the third-party demand he brought against his liability insurer.
The original petition for damages was brought against appellant and his employer based upon allegations of negligence on the part of appellant. The original petition alleged that plaintiff was hauling dirt from a construction project when a dragline bucket was dropped on his truck, that the dragline was being operated by appellant and that the accident was caused by the negligence of appellant in his reckless and careless operation of the dragline. In his answer appellant denied the allegation of the occurrence of the incident for want of sufficient information, categorically denied the allegation of negligence but admitted he was operating the dragline. In response to the motion for summary judgment he did not dispute that the accident occurred in the manner plaintiff alleged in his petition.
Appellant’s insurer denied coverage on the basis of the following exclusions:
“This coverage does not apply:
“(b) To bodily injury or property damage arising out of (1) business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits . . . ”
Appellant contends that the term “business pursuits” does not include his activities as an employee. He argues that the term implies the ownership of a business by the insured. This same argument was made in Pitre v. Pennsylvania Millers Mutual Insurance Co., 236 So.2d 920 (La.App. 3rd Cir. 1970), and was rejected by the Court. The instant case cannot be distinguished from the cited case, and since we agree with the reasoning and result in the cited case the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., dissents.