394 So.2d 696 (1981)
Vera ROBERTS, Plaintiff and Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant and Appellee.
No. 7964.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Darrel D. Ryland, Marksville, for plaintiff-appellant.
Trimble, Randow, Smith & Wilson, James T. Trimble, Jr., Alexandria, Edwards, Stefanski & Barousse, Russell K. Zaunbrecher, Crowley, for defendant-appellee.
Before CULPEPPER, CUTRER and GUIDRY, JJ.
CULPEPPER, Judge.
The plaintiff, Vera Roberts, filed this suit for damages for personal injuries sustained when she was thrown from a horse. The defendants are Percy Allemand, owner of the horse, and Hartford Accident & Indemnity *697 Company, homeowner's insurer of Winn Plauche, owner of the premises where the accident occurred. From a judgment dismissing her demands against both defendants, the plaintiff appeals.
Winn Plauche, who operates a business of raising, boarding, training and selling thoroughbred horses, hired the plaintiff to help him with his horses. Her duties consisted of brushing the horses, putting them on a mechanical walker and "ponying" them to cool them down after exercise. On the day of the accident, February 10, 1979, the plaintiff agreed to ride Percy Allemand's horse, which was being boarded and trained by Mr. Plauche. As the plaintiff rode the horse in an open field, the animal began to gallop and she lost control of the horse. Unable to stop, the plaintiff began trying to dismount the animal, and it threw her as it jumped over a ditch.
The plaintiff contends the trial court erred in holding that coverage by Hartford was excluded by the "business pursuits" and by the "workmen's compensation" exclusions of its policy.
Plaintiff argues the "business pursuits" exclusion of Hartford's policy[1] is ambiguous and should be construed against the insurer in such a way as to afford coverage. This contention is without merit. Substantially similar exclusionary clauses in homeowner's policies have been upheld by the courts. Pitre v. Pennsylvania Miller Mutual Insurance Co., 236 So.2d 920 (La.App.3rd Cir.1970); Berry v. Aetna Casualty & Surety Co., 221 So.2d 272 (La.App.2d Cir.1960).
The plaintiff also contends that training of thoroughbred horses was not a business pursuit of the insured, Plauche. The record reveals that although Plauche owned another business, he had been raising and selling horses for six years. It has been recognized that a person may have more than one business. Paige v. Tregre, 283 So.2d 777 (La.App.1st Cir.1973). The evidence establishes that Mr. Allemand was paying Plauche to board and train his horse. The trial court's determination that, at the time of the accident, Plauche was in the business of boarding and training horses, is not clearly wrong.
The trial court also determined that the workmen's compensation exclusion also precludes coverage. The plaintiff contends this exclusion is inapplicable because the plaintiff was not injured in the course and scope of her employment. Although riding the thoroughbred was not one of her regular duties, the trial court determined it was incident to her employment. The record indicates that the plaintiff was an employee of Plauche and was paid for the time she worked, including the day of the accident. These factual determinations of the trial court are not clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
The plaintiff also contends that the trial court erred in not holding the owner of the horse, Percy Allemand, strictly liable under LSA-C.C. Art. 2321 as defined in Holland v. Buckley, 305 So.2d 113 (La.1974).
This court encountered a somewhat similar situation in Fontenot v. Soileau, 336 So.2d 1006 (La.App.3rd Cir.1976). In Fontenot, the plaintiff's minor son was injured when he was thrown from the defendant employer's horse while exercising it. The court held that being thrown from a horse was a risk inherent to the employment, and that the employee voluntarily assumed that risk when he accepted employment.
In the instant case, the trial court determined that the plaintiff, an experienced horsewoman, assumed the risk of being thrown when she voluntarily agreed to ride the horse. Assumption of risk has been construed to fall into the category of "fault of the victim", which is a defense to strict liability under LSA-C.C. Art. 2321. See Fontenot, supra, Daniel v. Cambridge Mutual Fire Insurance Co., 368 So.2d 810 (La. App.2d Cir.1979); Alfonso v. Market Facilities *698 of Houston, Inc., 356 So.2d 86 (La. App.1st Cir.1978). The trial judge was not clearly wrong in this determination.
The trial court also determined that the accident was caused by plaintiff's fault in the way she rode the horse. The record clearly supports this conclusion. There is much testimony that the horse was gentle and had been ridden by many persons without difficulty. Something plaintiff did caused the horse to run out of control. Moreover, instead of trying to stay on the horse and control it, plaintiff dropped the reins and took her feet out of the stirrups just prior to falling off. The trial court was not clearly wrong in finding plaintiff was at fault in the way she rode the horse.
In summary, the trial court did not err in holding that the "business pursuits" and "workmen's compensation" exclusion in Hartford's policy barred recovery under the policy. There is also no error in holding that recovery from the owner of the horse, Percy Allemand, under the doctrine of strict liability is barred, because the plaintiff both assumed the risk and was guilty of fault which caused the accident.
For the reason assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Vera Roberts.
AFFIRMED.
NOTES
[1] This exclusion reads:

"1. The policy does not apply:
d. To bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to nonbusiness pursuits or farming;"