396 So.2d 535 (1981)
Lloyd LeBLANC et al., Plaintiffs-Appellees,
v.
Claude J. BROUSSARD et al., Defendants-Appellants.
No. 7811.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Cooper & Sonnier, John E. Ortego, Abbeville, for defendants-appellants.
Voorhies & Labbe, Richard D. Chappuis, Jr., Allen, Gooch & Bourgeois, Joel E. Gooch, Lafayette, for defendant-appellee.
Darrel J. Hartman, Kaplan, for plaintiffs-appellees.
Before CULPEPPER, FORET and SWIFT, JJ.
SWIFT, Judge.
Lloyd LeBlanc and his wife, Gloria Veazey LeBlanc, sued Claude J. Broussard and others to recover damages for personal injuries received in a tractor-automobile collision. The collision occurred on October 4, 1977, at the intersection of U.S. Highway 167 and a parish road near Maurice, Louisiana. Mr. Broussard was the driver of the tractor. The automobile was driven by Mrs. LeBlanc and her husband was a passenger therein.
The pertinent facts are stated in an affidavit by Mr. Broussard attached to a motion for a summary judgment. He and his brother, Harris Broussard, have a farming partnership which occasionally undertakes haying operations for other people for hire. On the day of the collision Claude Broussard was driving his brother's tractor pulling a three-point mowing machine from his home to land leased by Kenneth Vincent in *536 order to cut grass for making hay. Mr. Vincent was to pay the partnership a unit price for each bale of hay.
The plaintiffs joined Audubon Insurance Company, Mr. Broussard's insurer, as one of the defendants. Audubon moved for a summary judgment and it was sustained. Defendant, Claude Broussard, appealed.
The only issue to be decided by this court is whether the "business pursuits" exclusionary clause in the homeowner's insurance policy issued appellant by Audubon excluded coverage under these circumstances.
The clause provides:
"This policy does not apply:
"1. Under Coverage EPersonal Liability and Coverage FMedical Payments to Others:
* * * * * *
"d. to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non business pursuits;"
In his first argument appellant attempts to analogize "business pursuits" with the general rule in workmen compensation cases that an accident befalling an employee while he is going to and from work does not occur in the course of his employment. Broussard contends that until he reached Mr. Vincent's field and began cutting grass he was not engaged in a business pursuit.
Generally, coverage under the workmen's compensation act is not extended to such trips due to the substantial administrative problems involved. The courts do not wish to become involved in the controversy of determining when such trips begin and end. Louisiana Civil Law Treatise, Workers' Compensation (2d Ed.), Malone and Johnson, § 168. The purpose of the "business pursuits" exclusion in a homeowner's policy is to lower rates by removing coverage which is not essential to the purchasers and which would require specialized rating and underwriting. 48 ALR 3rd 1096, 1098. The terms, "business pursuits" and "course of employment," serve different purposes in these separate contexts and are not analogous in the circumstances.
Clearly, Mr. Broussard was engaged in a business pursuit in driving this tractor to the field where he was to cut hay for a price and presumably for a profit. It was a necessary and an essential part of the commercial enterprise.
Appellant contends, however, that because he often drives a tractor in cutting his own grass or performing such favors for friends or relatives without compensation, his activity at the time of the accident (i. e. driving the tractor to where the business was to commence) was ordinarily incident to a non-business pursuit. As a consequence, the exception in the exclusionary clause was applicable and he was covered by the policy.
In Appelman's Insurance Law and Practice (Berdal ed.), Vol. 7A, § 4501.10, at pages 276 and 277, this particular policy exclusion is explained as follows:
"The business pursuit exclusion is intended to apply to all activities that are involved in furtherance of any business, employment, trade, occupation or profession. There are relatively few functions, such as walking, opening and closing doors, bending or standing that a person performs in a business that cannot be viewed in isolation as nonbusiness activity. One cannot perform normal work without engaging in such functions or activities, and to treat these activities in isolation as incidental to nonbusiness activity would render this exclusion meaningless."
And further in § 4501.11, at page 279, it is stated:
"When an activity, such as horseplay or a purely social amenity like preparing a cup of coffee, has lost its work related identification, it becomes an activity "incidental to non-business pursuits."
The abovementioned American Law Report article treats the subject rather comprehensively and at page 1099 it says about the exception to the exclusion:
"Such excepted activities have generally been held to denote activities of the insured *537 which are not associated or related to his business pursuits or commercial activity."
In Edwards v. Trahan, 168 So.2d 365 (La. App. 3 Cir. 1964), this court found the exclusionary clause inapplicable where the defendant, who baled hay as a business during certain seasons of the year, was hauling hay for his personal use and was involved in a tractor-automobile collision. The court looked to the purpose for which the tractor was being used at the time of the collision and held that he was then engaged in a non-business pursuit and covered by the policy.
An example of the exception's application was involved in Jackson v. Lajaunie, 270 So.2d 859 (La.1972), where the operator of a gas station accidentally shot a customer while playing a practical joke. The court found that the use of the pistol for a prank was not related to the business enterprise. Instead, it pointed out that practical jokes are ordinarily incident to non-business pursuits and are excepted from this type of exclusionary clause.
In the present case the appellant undertook the haying operation for Mr. Vincent not as a personal undertaking or even a single activity for profit but as part of his partnership's business activities. The very purpose of appellant's particular activity at the time of the accident, unlike the defendant in Trahan, was to drive the tractor in pursuit of a business undertaking. We agree with the trial court's findings that the collision damages not only arose from that undertaking but Broussard's activity was definitely associated therewith or related thereto and was not "ordinarily incident to non-business pursuits." Consequently, the exclusion is applicable in this instance. See Pitre v. Pennsylvania Millers Mutual Insurance Co., 236 So.2d 920 (La.App. 3 Cir. 1970); Berry v. Aetna Casualty & Surety Co., 221 So.2d 272 (La.App. 2 Cir. 1969); United States Fidelity & Guaranty Co. v. Burris, 240 So.2d 408 (La.App. 2 Cir. 1970); Burse v. Boh Brothers Construction Company, Inc., 328 So.2d 897 (La.App. 4 Cir. 1976), writ denied, 332 So.2d 284 (La.1976).
Louisiana Code of Civil Procedure Article 966 provides for a summary judgment if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. The pertinent facts are stated in appellant's affidavit. There is no factual issue involved. They show that appellant was driving the tractor to Mr. Vincent's field as a part of his business. The insurance policy issued by the appellee excluded coverage for this business pursuit. As a matter of law, appellee is entitled to a summary judgment.
For the foregoing reasons, the decision of the trial court is affirmed. The appellant is cast with the costs of these proceedings.
AFFIRMED.