517 F.Supp. 125 (1981)
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation, Plaintiff,
v.
Thomas RICHARDSON and Nancy Richardson, O'Fallon Gas Company of St. Charles, Missouri, and Leroy Schieffer, Defendants.
No. 80-680C(5).
United States District Court, E. D. Missouri, E. D.
May 21, 1981.
E. C. Albrecht, Jr., St. Louis, Mo., for plaintiff.
James J. Amelung, St. Louis, Mo., Jack Gallego, Troy, Mo., and James F. Koester, St. Louis, Mo., for defendants.

MEMORANDUM OPINION
CAHILL, District Judge.
This action for a declaratory judgment where plaintiff seeks an adjudication of its legal rights and obligations under an insurance policy, came before the Court for a decision after trial to the Court sitting *126 without a jury. The Court, having considered the pleadings, having heard the testimony of all witnesses, having inspected the exhibits, and having knowledge of the stipulations of the parties, now makes the following findings of fact and conclusions of law under Fed.R.Civ.P. 52.

Findings of Fact
1. This Court has subject matter jurisdiction over this matter by virtue of diversity of citizenship and the amount in controversy as per 28 U.S.C. § 1332. Plaintiff is a Wisconsin corporation and defendants Thomas and Nancy Richardson and Leroy Schieffer are residents of Missouri. Defendant O'Fallon Gas Company of St. Charles County, Missouri, is a Missouri corporation.
2. Plaintiff, via its agent, Earl Thornhill, issued a homeowners insurance policy (plaintiff's Exhibit 3) to defendant Leroy Schieffer insuring certain premises owned by defendant Leroy Schieffer and Mary Ellen Schieffer, his wife. The policy was renewed from time to time by payment of requisite renewal premiums by defendant and was in effect on September 1, 1979.
3. Under the insurance policy which was in effect on September 1, 1979, defendant Leroy Schieffer was insured against certain liability by plaintiff, which agreed to pay on his behalf all sums up to the stated policy limits of $25,000 which defendant Schieffer might become legally obligated to pay as damages on account of bodily injury occurring on the premises, unless otherwise excluded from coverage. Under the medical expense coverage of the policy, plaintiff agreed to pay all reasonable medical expenses incurred within one year from the date of an accident to each person who is injured in an accident while on the insured's premises with the insured's permission, unless otherwise excluded from coverage, up to the stated limits of $500 per person.
4. The insured premises included a 4.747 acre tract of ground (see plaintiff's Exhibit 4) with a masonry veneer house and an old frame farmhouse situated on the tract of land.
5. On August 26, 1979, the Schieffers rented the frame farmhouse on an oral month to month tenancy to defendants Thomas and Nancy Richardson for their use as a dwelling place. The testimony adduced indicates that Mr. and Mrs. Thornhill, who are agents for plaintiff, were informed and had knowledge of the existence of the old farmhouse which was located on the property to be insured and of the possibility of the farmhouse being rented. Mrs. Schieffer testified that she told Mrs. Thornhill of that fact, but Mrs. Thornhill could not remember it. Mrs. Schieffer's testimony in this regard is more credible. Therefore, the Court finds that plaintiff had prior knowledge through its agents that the old farmhouse was to be rented to tenants occasionally, and the knowledge of the agents was imputed to the plaintiff.
6. Prior to the rental to the Richardsons, the Schieffers rented the frame farmhouse to various other tenants. The rental of the frame farmhouse, however, was not continuous. Periodically, the frame farmhouse remained vacant.
7. On September 1, 1979, the old frame farmhouse was destroyed by fire and Thomas Richardson claims to have been injured in this incident. Upon receiving notification of the fire, plaintiff investigated the incident and thereafter notified Leroy Schieffer that the homeowners insurance policy (plaintiff's Exhibit 3) did not cover any claims that Thomas Richardson might assert against him or any other insured as a result of the fire on September 1, 1979. (Plaintiff's Exhibit 5.)
8. On March 25, 1980, Thomas Richardson and Nancy Richardson filed a lawsuit against the O'Fallon Gas Company of St. Charles County and Leroy Schieffer in which they allege that Thomas Richardson sustained injuries and damages as a result of the fire at the old frame farmhouse on September 1, 1979, and that Nancy Richardson sustained damages by reason of her loss of Thomas Richardson's society, services, consortium and income. This lawsuit is presently pending in the Circuit Court of *127 the County of St. Charles, Missouri, Cause No. CV-180-957CC (plaintiff's Exhibit 6).
9. On April 10, 1980, Leroy Schieffer tendered that lawsuit to plaintiff and demanded that it undertake his defense in the litigation and afford him coverage up to the stated policy limits of his homeowners policy. On April 21, 1980, plaintiff wrote to Leroy Schieffer, in reply, reserving all of its rights to disclaim coverage under the policy and undertook his defense, which it is still conducting, under the express reservation of its rights. (Plaintiff's Exhibits 7 & 7A.)

Conclusions of Law
1. On the issue of estoppel, asserted by defendant Schieffer, the Court concludes that plaintiff was not estopped from asserting the issue of noncoverage, because plaintiff reserved its rights to disclaim coverage before undertaking the defense of defendant Schieffer. See City of Carter Lake v. Aetna Cas. and Sur., 604 F.2d 1052, 1062 (8th Cir. 1979); Salerno v. Western Casualty & Surety Company, 336 F.2d 14, 19 (8th Cir. 1964).
2. Two of the relevant sections of the insurance policy in question state:
COVERAGE DCOMPREHENSIVE PERSONAL LIABILITY COVERAGE
The company shall pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. The company shall have the right and duty, at its own expense, to defend with counsel of its choice any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
COVERAGE E  MEDICAL EXPENSE COVERAGE
The company shall pay all reasonable medical expenses incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies caused by an accident, while such person is:
1. on the insured premises with the permission of any insured, or
2. elsewhere, if such bodily injury
a. arises out of a condition in the insured premises or the ways immediately adjoining;
b. is caused by the activities of any insured, or by a residence employee in the course of his employment by any insured,
c. is caused by an animal owned by or in the care of any insured, or
d. is sustained by any residence employee and arises out of and in the course of his employment by any insured.
(Emphasis supplied.)
3. The medical expense coverage, in particular, is applicable to the fire which occurred on September 1, 1979, in that Thomas Richardson, at the time of his injury, was on the insured 4.747 acre tract of land in the old frame farmhouse with the permission of the insured, Leroy Schieffer.
4. The homeowner's policy which contains disputed terms does not apply to business pursuits of an insured. Earl Thornhill, agent for plaintiff, acknowledged on the record that the liability coverage under the homeowner's policy extended to the farmhouse as long as the farmhouse was not rented or was not being rented in a business pursuit, even if there was liability coverage in the Lincoln County Mutual Insurance Company. Specifically, Exclusions, Section II a. of the policy provides:
EXCLUSIONS  SECTION II
This section does not apply

Under any of the coverages,
a. to any business pursuits of an insured, except activities therein which are ordinarily incident to non-business pursuits, but this subdivision (a) *128 shall not apply to the occasional or part-time business pursuits of any self-employed insured who is a student under 18 years of age.
(Emphasis supplied.)
5. The definitions section of the policy defines the word "business" as:
(i) a trade, profession, or occupation, including farming, and the use of any premises or portion of residence premises for any such purposes; and (ii) the rental or holding for rental of the whole or any portion of the premises by any insured; but business shall not include:
(a) the occasional rental or holding for rental of the residence premises for dwelling purposes;
(b) the rental or holding for rental of a portion of the residence premises for dwelling purposes unless for the accommodation of three or more roomers or boarders.
(Emphasis supplied.)
6. The first basic issue is whether or not the activity of renting the farmhouse by defendant Schieffer was "occasional" or constant. The term "occasional" has a dictionary definition of "occurring or appearing at irregular or infrequent intervals," The Random House College Dictionary 919 (revised ed. 1980). In the present case, the rental of the old frame farmhouse was occasional in that the farmhouse was not rented and/or occupied continuously from tenant to tenant. More specifically, the record and the testimony adduced indicate that the farmhouse was not rented when the Schieffers initially moved into the brick veneer home. Thereafter, the farmhouse was rented to the first tenants, the Kozbils. After the Kozbils vacated the premises, the farmhouse was rented to Jeff and Karen Sheets. Subsequent to the Sheets' tenancy, approximately a week elapsed before the farmhouse was rented to the Richardsons. Therefore, the rental of the farmhouse was not a business pursuit, and the insurance policy provides coverage for the Schieffers as to the claim of the Richardsons.
7. Further support for the premise that the rental of the farmhouse was not a business pursuit is evidenced by the fact that the rental of the farmhouse was via oral month to month tenancies; there was no formal advertising of the farmhouse in the news media, and occupants were obtained solely by word of mouth.
8. A rule of construction in insurance cases requires doubt or ambiguity to be construed strictly against the insurer and liberally in favor of the insured. City of Carter Lake v. Aetna Cas. and Sur., 604 F.2d 1052 (8th Cir. 1979); Preferred Risk Mutual Insurance Co. v. Main, 295 F.Supp. 207, 215 (W.D.Mo.1968); Allstate Insurance Co. v. Hartford Accident & Ind. Co., 311 S.W.2d 41, 47 (Mo.App.1958). Approaching this case in that manner, this Court finds that the insurance policy provides coverage for the Schieffers as to the claim of the Richardsons.
IT IS SO ORDERED.