LANIER, Judge.
On July 31, 1980, a large tree growing on the property of Robert S. Newman and Patricia Childers Newman, located on Oak-wood Drive in the Glen Oaks Subdivision in Baton Rouge, Louisiana, fell onto a house on the adjoining property owned by Willie Dixon and caused severe damage. Dixon made a claim against his insurer, Blue Ridge Insurance Company (Blue Ridge), and was paid $33,331.00. This suit for damages in tort was subsequently filed against Mr. and Mrs. Newman and their homeowners insurance carrier, Cambridge Mutual Fire Insurance Company (Cambridge),' by Blue Ridge seeking $33,331.00 pursuant to a subrogation from Dixon, and by Dixon seeking $1,455.07 for damages not paid by Blue Ridge. Cambridge answered and denied coverage under the “business pursuits” exclusion of its policy claiming that the Newmans used the property for rental purposes. The Newmans filed a third party demand against Cambridge alleging that it provided coverage for the damages to the Dixon house and for the cost of defense of the claims by Blue Ridge and Dixon against them. The trial court rendered judgment on the main demand in favor of Blue Ridge and Dixon against the Newmans in the sums of $33,331.00 and $1,455.07 respectively. The trial court ruled that the “business pursuits” exclusion of the Cambridge policy was applicable under the facts of this ease and dismissed the main demand by Blue Ridge and Dixon and the third party demand by the Newmans against Cambridge. This devolutive appeal followed.[1]
I. LIABILITY COVERAGE BY CAMBRIDGE
The first issue presented by this appeal is whether or not the “business pursuits” exclusion of the Cambridge policy is applicable. Under Section II of the Cambridge policy, personal liability coverage is afforded to the Newmans by the following language:
“This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company’s liability has been exhausted by payment of judgments or settlements.”
The policy then excludes from coverage “property damage arising out of business pursuits” in the following manner:
“This policy does not apply:
1. Under Coverage E — Personal Liability and Coverage F — Medical Payments to Others:

d. to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits; ...”
In Section 8 of the General Conditions portion of the policy, the term “business” is defined as follows:
*3 “When used in this policy the following definitions apply: .. .
d. ‘business’ means

(2) the rental or holding for rental of the whole or any portion of the premises by any Insured;
but business shall not include:
(a) the occasional rental or holding for rental of the residence premises for dwelling purposes; ...”
“Business pursuits” exclusions substantially similar to that in the Cambridge policy have been upheld and applied in numerous Louisiana cases.[2] The purpose of the “business pursuits” exclusion is to provide homeowners with lower insurance rates because insuring the risks attendant to commercial enterprises requires specialized rating and underwriting and is more expensive. LeBlanc v. Broussard, 396 So.2d 535 (La.App. 3rd Cir.1981); Sandoval, Construction and Application of “Business Pursuits” Exclusion Provision in General Liability Policy, 48 ALR 3rd 1096. If there is any doubt or ambiguity as to the meaning of a provision in an insurance policy, it must be construed liberally in favor of the insured and against the insurer. When the ambiguity relates to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of coverage. Insurance Company of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979); Credeur v. Luke, 368 So.2d 1030 (La.1979); 70th Street Food Store, Inc. v. Northeastern Fire Insurance Company of Pennsylvania, 408 So.2d 958 (La.App. 2nd Cir.1981).
The evidence shows that Robert Newman’s mother and father acquired the property in 1965 and commenced living there with their six children. The elder Mrs. Newman passed away in 1971. In 1978, the property interests of Robert Newman’s father, brothers and sisters were transferred to him and his wife and they became the sole owners of the property. During the period from 1965 to 1979, the Newman children reached maturity and left the family home at different intervals. In the fall of 1979, the last two children left the family home and the elder Mr. Newman also left to reside with a son in Memphis, Tennessee.
Robert and Patricia Newman began renting the family house and lot to Stephanie Olivia in October of 1979 for $200 per month. Ms. Olivia remained on the Newman property and paid rent through May of 1980 when she moved out without giving any notice. Robert Newman testified that he felt that she owed him rent for the month of June, even though she was not living on the premises because she left some of her things in the house. The incident which is the subject of this suit occurred on July 31,1980. In approximately September or October of 1980, the Newmans rented the premises to a Mrs. Brooks, apparently at the rate of $200 per month for a period of three months.[3] Thus, it appears that during the period of October of 1979 through December of 1980, the Newmans collected rent from their property for eleven of these fifteen months.
The appellants argue on appeal that the above facts show that the rental of the *4 Newman property was “occasional” and that pursuant to the definition of “business” contained in the policy, this rental did not qualify as a “business pursuit” and coverage was not excluded. The word “occasional” is defined in Webster’s New International Dictionary, Second Edition, as follows:
“a) Occurring now and then;
b) Made or happening as opportunity requires or admits;
c) Casual;
d) Incidental; and
e) Occurring at irregular intervals, infrequent.”
The antonym of “occasional”, “continuous”, is defined in Black’s Law Dictionary (5th Ed. 1979), at page 291 as follows:
“Continuous. Uninterrupted; unbroken; not intermittent or occasional; so persistently repeated at short intervals as to constitute virtually an unbroken series. Connected, extended, or prolonged without cessation or interruption of sequence.”
Appellants cite as authority American Family Mutual Insurance Company v. Richardson, 517 F.Supp. 125 (E.D.Mo.1981), wherein a Federal District Court ruled that when there were lapses of time between the occupancy of rental property by tenants, the rental was occasional and thus the “business pursuits” exclusion was not applicable. This analysis is not correct. The term “business” as defined in the policy includes, among other things, “the rental or holding for rental” of the premises. “Rental” refers to the actual leasing of the insured premises to a third person. At the time of the occurrence in the instant case, the property was not being rented (leased). The term “holding for rental” is separated from the word “rental” by the conjunction “or” which is a disjunctive particle used to “indicate an alternative between different or unlike things.”[4] The verb “to hold” used in its usual legal sense means to possess.[5] Thus, the term “holding for rental” means possessing for the purpose of renting the premises when the premises are not actually being rented. The term “holding for rental” would apply to the period of time that the rental property is vacant between successive renters, a common occurrence when property is used for commercial purposes. After Ms. Olivia left the Newman property, the property was possessed for the purpose of a subsequent rental because it was in fact subsequently rented to Mrs. Brooks.
The evidence of record shows that the Newmans either rented or held for rental the residence premises continuously, and not occasionally, from October of 1979 to December of 1980. Whether the rental or holding for rental of the insured premises is occasional or continuous is a question of law as well as fact, and is to be determined from all of the facts of each particular case. Upon appellate review, the trier of fact’s determination of the question is entitled to great weight and the reviewing court should not substitute its opinion when the trial court’s judgment is based on a reasonable interpretation of the evidence. Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981). The trial judge determined that following the departure of the elder Newman from the property, it “was rented almost exclusively until the time of the loss ...” and found that the “business pursuits” exclusion was applicable. Under all of the facts and circumstances of this case, we cannot say that the trial judge’s determination was clearly wrong.
The appellants further argue that since the property was not being rented at the time of the occurrence, it was not being used for a business purpose and the “business pursuits” exclusion was not applicable. Appellants cite as authority the case of Edwards v. Trahan, 168 So.2d 365 (La.App. 3rd Cir.1964). In that case, Trahan “earned his livelihood by renting some 16 houses and by baling hay as a business during certain *5 seasons of the year.” The accident occurred while he was moving his unlighted hay wagon on the highway transporting hay to his home for use by his household cattle. The court found that he was not engaged in a business pursuit at the time of the accident, and accordingly, had coverage under his homeowners policy. That case is not applicable to the facts of the instant case because the evidence in this case shows that the Newmans either rented or held for rental the insured premises during a continuous fifteen month period, which included the time when the accident occurred. The important distinction in the instant case is that by definition, the property was used for business purposes either while it was rented or held for rent.
Por the foregoing reasons, the trial court correctly concluded that the business pursuits exclusion was applicable in this case.
II. OBLIGATION TO DEFEND
Because Cambridge denied coverage in this case the Newmans were required to retain their own counsel and bear the cost of these services. On this appeal, the New-mans claim that they are entitled to be reimbursed attorney fees for the failure of Cambridge to provide a defense against the claims of Blue Ridge and Dixon as required by the policy. It is well settled that where coverage is excluded under a policy of insurance, there is no obligation on the part of the insurer to defend against claims. Jackson v. Lajaunie, 270 So.2d 859 (La.1972); White v. Robinson, 367 So.2d 1358 (La.App. 4th Cir.1979), writ denied 369 So.2d 157 (La.1979); Hill v. Liberty Mutual Insurance Company, 357 So.2d 61 (La.App. 4th Cir.1978), writ denied 359 So.2d 196 (La.1978).
III. CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellants’ costs.
AFFIRMED.

. No appeal has been taken from that portion of the judgment on the main demand which found the Newmans liable for damages to Blue Ridge and Dixon.

. LeBlanc v. Broussard, 396 So.2d 535 (La.App. 3rd Cir.1981); Roberts v. Hartford Accident & Indemnity Company, 394 So.2d 696 (La.App. 3rd Cir.1981); Burse v. Boh Brothers Construction Company, Inc., 328 So.2d 897 (La.App. 4th Cir.1976), writ denied 332 So.2d 284 (La.1976); United States Fidelity & Guaranty Company v. Burris, 240 So.2d 408 (La.App. 2nd Cir.1970); Pitre v. Pennsylvania Millers Mutual Insurance Company, 236 So.2d 920 (La.App. 3rd Cir.1970); Berry v. Aetna Casualty & Surety Company, 221 So.2d 272 (La.App. 2nd Cir.1969); Burroughs v. Employers Liability Assurance Corporation, 198 So.2d 202 (La.App. 1st Cir.1967).

. The Newmans’ 1979 Federal Income Tax Return indicates that they received $600 in rental for that year, which would indicate a rental of $200 per month for October, November and December of 1979. The 1980 Federal Income Tax Return of the Newmans indicated that they collected $1,600 in rents during that year. Ms. Olivia paid $200 per month for the months of. January through May of 1980 for rents totaling $1,000. Apparently, Mrs. Brooks paid three months of rental at $200 each for a total of $600 indicating that she occupied the premises during three of the last five months of that year.

. Black’s Law Dictionary (5th Ed. 1979), at page 987.

. Black’s Law Dictionary (5th Ed. 1979), at pages 657-8.